**UNITED STATES v. A. B. DICK CO. et al.**

Civ. No. 24188.

District Court, N. D. Ohio, E. D.

June 20, 1947.

See also 7 F.R.D. 437.

Wendell Berge, of Washington D. C., Robert A. Nitschke, of Shaker Heights, Ohio, Lester L. Jay, of New York City, and Don C. Miller, of Cleveland, Ohio, for the United States.

Charles A. Horsky, H. Thomas Austern and W. Graham Claytor, all of Washington D. C., and H. J. Crawford and J. H. Dempsy, Jr., both of Cleveland, Ohio, James M. Carlisle and Lucius E. Robinson, Jr., both of Hartford, Conn., E. T. Kinder and Patrick Mulligan, both of Cleveland, Ohio, Geo. Link, Jr., Francis S. Levien, and Milton Handler, all of New York City, for defendants.

FREED, District Judge.

The defendants were indicted for violation of the Sherman Anti-Trust Act, 15 U. S.C.A. §§ 1–7, 15 note. Simultaneously with the Grand Jury's presentment of the indictment, the Government filed the instant suit against the defendants in which it seeks to enjoin them from violation of the Act. Save for the difference in the nature of the causes of action, the allegations in the two actions are identical. It is therefore logical to assume that the same proof will be offered to support the charges contained in the indictment as will be introduced to obtain the relief sought under the Complaint.

Motions for bills of particulars were made by the various defendants to enlarge upon the allegations of the indictment. This Court granted the motions in part and ordered the Government to furnish particulars as to certain charges, but overruled the motions in other respects as to other violations.

In this suit the defendants after making their answers to the Complaint addressed numerous interrogatories to the Government under the provisions of Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. By these interrogatories they seek to obtain disclosure of the written and oral evidence which supports the accusation and the names of witnesses

who will testify on behalf of the Government.

The plaintiff, the United States of America, moves this Court for an order to dismiss the interrogatories without prejudice to renewal upon the disposition of the pending indictment, or, in the alternative, to extend the time of the plaintiff to file objections or to respond to them until the disposition of the criminal charges.

It is urged in support of the motion that to require plaintiff at this time to answer the interrogatories would have the effect of circumventing the decision of this Court on the defendants' motions for bills of particulars. It is pointed out that the very information which the Court refused to have furnished in the criminal case will be made available through the response to the interrogatories. Plaintiff contends that the disclosure of the information may jeopardize its position in the prosecution and interfere with the administration of justice.

The defendants oppose the motion and assail the above contentions. They maintain that the plaintiff chose to file the civil action with the return of the indictment and hence cannot deprive the defendants of the benefits afforded them under the rules of discovery.

There are no adjudicated cases which shed light on the specific question here presented.

The broad and liberal interpretation which must be given to the rules of discovery needs no further affirmance on the part of this Court. It is uniformly recognized that full disclosure of evidence before trial in civil cases is in the interest of proper, orderly and just administration of law.

Whether the numerous interrogatories of the defendants are embraced within the domain of Rule 33 requires no determination at this time. That problem is not presented.

The rule provides in part: " * * * and the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the delivery of the interrogatories, unless the court, on motion and notice and for good cause shown, enlarges or shortens the time. * * *."

It is manifest from this language that the rules intend to vest discretion in the Court to extend or shorten the time for the serving of the answers on the opposing party.

The Court's exercise of discretion should be bounded by the injunction that the purpose to be accomplished by the rules is to focus the fundamental issues between the parties and to enable the parties to learn what the facts are and where they may be found before trial, to the end that the parties may prepare their case in the light of all of the available facts.

The sole question, therefore which confronts this Court is whether delay in obtaining answers to the interrogatories will prejudice the rights of the defendants; or, stating it differently, whether the failure to furnish the information sought until the disposition of the criminal case will deprive these defendants of the benefits bestowed by the rules of discovery?

The preposition is apparent that if a timely disclosure is made, so that the defendants are given adequate and full opportunity to prepare their defenses, they cannot possibly be harmed. If they are not adversely affected by the delay, it is needless to give consideration to other issues urged.

Information with reference to the subject matter of several of the interrogatories was ordered to be given to the defendants by way of bill of particulars in the criminal case. See United States v. A. B. Dick Co., D.C., 1947, 7 F.R.D. 437. No compelling reasons are shown to convince this Court that the defendant will be injured by extending the time to file objections to or to respond to the interrogatories until the disposition of the criminal suit. The motion will therefore be granted.