**UNITED STATES v. BRIDGES.**

**No. 28876.**

United States District Court N. D. California, S. D.

Oct. 12, 1949.

Frank J. Hennessey, U. S. Attorney, San Francisco, Cal., R. B. McMillan, Deputy U. S. Attorney, San Francisco, Cal., F. Joseph Donohue, Special Asst. to Attorney General, attorneys for petitioner.

Gladstein, Andersen, Resner & Sawyer, by Herbert Resner, Norman Leonard, George Andersen, San Francisco, Cal.,

Irvin Goodman, Portland, Or., James Lawrence Fly, New York City, attorneys for respondent.

HARRIS, District Judge.

On the 25th day of May 1949 a criminal indictment was returned against defendants Harry Renton Bridges, Henry Schmidt, and J. R. Robertson. The indictment is in three counts and charges the defendants as follows, to wit:

(1) Count 1, based upon 18 U.S.C.A. § 88, now 18 U.S.C.A. § 371, charges the three named defendants with having conspired to defraud the United States by impairing the proper administration of its naturalization laws in the following manner: Defendant Bridges fraudulently petitioned for naturalization before the Superior Court of the State of California, by representing to the Court that he did not and never had belonged to the Communist Party, whereas in truth he belonged to and had been a member of the Communist Party; defendants Schmidt and Robertson signed as witnesses to the petition of defendant Bridges;

(2) Count 2, based on 8 U.S.C.A. § 746(a) (1), now 18 U.S.C.A. § 1015(a), charges that defendant Bridges willfully and knowingly made a false statement under oath with respect to his membership in the Communist Party when he appeared before the Superior Court of the State of California to receive his naturalization certificate on September 17, 1945;

(3) Count 3, based on 8 U.S.C.A. § 746(a) (5), now 18 U.S.C.A. § 1425 charges that defendants Schmidt and Robertson on the day above mentioned aided and advised defendant Bridges to procure his certificate of naturalization by fraud with respect to defendant Bridges' past and present membership in the Communist Party.

On the same date a so-called de-naturalization proceeding was instituted against the defendant, Harry R. Bridges. This proceeding is based upon Section 738 of Title 8 U.S.C.A. and the facts are substantially identical with those forming the charging part of the criminal indictment with respect to the activities of the said defendant. The defendant, Bridges, in the Civil Proceeding has invoked the Discovery Process, Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A.; and in addition seeks to take the testimony by deposition of the then Attorney General, now Associate Justice of the Supreme Court, Tom Clark, and also the testimony of J. Edgar Hoover, Chief of the Federal Bureau of Investigation, F.R.C.P. 26. The scope of the relief sought under the Discovery Process in the Civil Proceeding is sweeping.

The Government of the United States has moved this Court for a Stay of Proceedings, based upon the following grounds, in substance:

(a) This Court has discretion in setting cases for hearing;

(b) Criminal cases take precedence over civil matters; both cases cannot be heard at once; the criminal trial is set for November hearing;

(c) It may never be necessary to conduct the Civil Case should a conviction be obtained in the criminal;

(d) Three defendants are involved in the criminal trial; only Bridges is concerned in the civil case.

Apart from the assertion by Government counsel that the defendant, Bridges, is attempting, through the medium of the civil proceeding, to explore and otherwise canvass matters that would not be obtainable in the criminal proceeding, it is manifest from a general outline of the Discovery sought that most, if not all, of the material requested is beyond the scope of rule 33. Federal Rules of Civil Procedure.[1]

1. Examples of Interrogatories by respondent:

(1) Page 6, II(i): "Attach hereto a copy of each and every report or other writing of any kind or nature whatsoever made by an agent or any other person in connection with any interview or incident, or in connection with the taking or obtaining of information, evidence or data from any or all of the persons listed in response to II(a) * * *".

(2) Page 14, Paragraph XII: "In connection with paragraph IV of the complaint herein * * * state, describe,

Much of the data falls within the proscription of the Department of Justice's Order No. 3229 of May 2, 1939, issued under authority of R.S. 161.[2]

The Court is not disposed to grant the all-inclusive relief sought on Discovery by the defendant at this stage of the proceedings. In Penn v. Automobile Insurance Company, D.C., 27 F.Supp. 336, Judge McColloch had occasion to say:

"Where public policy intervenes, the Rule (of Discovery) should not be applied literally, and I have therefore denied plaintiff's motion to require defendant to furnish the names of their witnesses and to permit their interrogation before trial. * * * plaintiff should not be armed with the information in advance so as to prepare an alibi."

This Court has concluded that in the exercise of sound discretion and in the interest of public policy that all proceedings in this action should be and the same are hereby stayed until the final disposition of the criminal proceedings herein-above referred to.

Accordingly, it becomes unnecessary finally to pass upon the said Motions for Discovery and other matters, arising under the said rule, for the reason that the civil suit is stayed as a whole.

Defendant's position that the Stay cannot be granted herein for the reason that the criminal proceedings and the counts contained in the indictment have been barred by the Statute of Limitations is without merit. This Court has concluded that the

running of the Statute of Limitations has been tolled by the Wartime Suspension of Limitations Act, 18 U.S.C.A. § 3287, formerly 18 U.S.C.A. § 590a, and the saving clause embraced in Section 21 of Revised Title 18 of the United States Code, Act of June 25, 1948, 62 Stat. 862.[3]

---

and set forth all of the evidence, information, data, records, or bases claimed by petitioner to support said allegation and charge".

(3) Page 21, Paragraph XXXVII: "With respect to paragraphs XXIII through XXXVI, inclusive, hereof, attach hereto a copy of each and every one of the records, documents, papers, materials, statements, depositions, affidavits, reports, written records or memoranda or oral interviews with any and all persons, written or recorded transcriptions of data obtained by wire-tapping, dictaphone or microphone, eavesdropping, or surveillance, photographs, books, records, maps, alleged membership card or cards in the Communist Party, and any data and records of any kind whatsoever claimed by petitioner to support or tend to support said sworn statement of the said John P. Boyd".

2. See Ex parte Sackett, 9 Cir., 74 F.2d 922; Goldman v. U. S., 316 U.S. 129, 62 S.Ct. 993, 86 L.Ed. 1322; U. S. v. Aviles, D.C., 222 F. 474; Jones v. U. S., 9 Cir., 162 F. 417; Ball v. U. S., 9 Cir., 147 F. 32; U. S. v. Kohler Co., D.C., 9 F.R.D. 289; Cf. U. S. v. Garsson, D.C., 291 F. 646.

3. See Memorandum Opinion in United States v. Bridges, 86 F.Supp. 922.