UNITED STATES of America, Plaintiff,

v.

LINEN SUPPLY INSTITUTE OF GREATER NEW YORK, Inc.; Central Coat, Apron & Linen Service, Inc.; Consolidated Laundries Corporation; General Linen Supply & Laundry Co., Inc.; Modern Silver Linen Supply Co., Inc.; Standard Coat, Apron & Linen Service, Inc.; Louis Gordon; Harry Kessler; Charles Maslow; Fred S. Radnitz; and Sam Spatt, Defendants.

United States District Court
S. D. New York.
Aug. 10, 1955.

Paul W. Williams, U. S. Atty., S. D. of New York, New York City, for plaintiff. R. B. O'Donnell, Asst. U. S. Atty., New York City, of counsel.

Jacob Landau, New York City, for defendant Linen Supply Institute of Greater N. Y.

Charles Murphy, New York City, for defendant Modern Silver Linen Supply Co. Inc.

Benjamin Levine, Brooklyn, for defendant General Linen Supply & Laundry Co.

Dreschler & Leff, New York City, for defendant Linen Supply Institute of Greater N. Y.

Fredrick Nack, New York City, for defendant Central Coat, Apron & Linen Service.

Harry Lupka, New York City, for defendant Standard Coat, Apron & Linen Service.

DIMOCK, District Judge.

This is a motion by the Government to dismiss interrogatories propounded by defendants without prejudice to a renewal thereof upon the disposition of a criminal prosecution brought in this court against the same defendants or, in the alternative, to extend the time of the Government to file objections or answers to said interrogatories until after such disposition. The criminal prosecution is an antitrust case and the allegations in the indictment are substan-

tially the same as those in the complaint in the instant action.

The Government grounds the motion on the candid statement that, by the interrogatories, the defendants would be able to obtain information which would not be available to them under any procedure afforded in the criminal case. There is no doubt that, so far as pre-trial discovery is concerned, our practice favors the defendant in a civil case over the defendant in a criminal case. The Federal Rules of Criminal Procedure make no provision for answers to interrogatories. We may assume, therefore, that, but for the pendency of the civil case, these defendants would not be entitled to the information which their interrogatories ask.

By bringing this civil action concurrently with the criminal prosecution has the Government opened itself to the necessity of furnishing the demanded information? While the question is not free from doubt I am not disposed to take issue with Judge Freed's ruling in United States v. A. B. Dick Co., D.C.N.D. Ohio E.D., 7 F.R.D. 442, where, in a situation comparable to that at bar, he extended the time to answer interrogatories in the civil action until the disposition of the criminal prosecution. So strong is the policy of the law against disclosure of the prosecution's case in advance of trial that the District Court in Penn v. Automobile Ins. Co., D.C.D. Or., 27 F.Supp. 337, on the mere suggestion of the district attorney that he expected to press a criminal charge against one who was plaintiff in a pending civil case, denied plaintiff's motion for a discovery by defendants. It is curious that the tenderness of our law toward the accused in a criminal case should be subject to such a marked exception but the exception does seem to exist.

Plaintiff's time to file objections to or to respond to defendants' interrogatories is extended until the disposition of the criminal prosecution.