**UNITED STATES of America**

v.

**MAINE LOBSTERMEN'S ASSOCIATION and Leslie Dyer.**

Civ. No. 5–76.

United States District Court
D. Maine, S. D.
April 3, 1958.

Peter Mills, U. S. Atty., Portland, Me., for plaintiff.

Philip Chapman, Jr., Portland, Me., for Maine Lobstermen's Ass'n.

Stanley R. Tupper, Augusta, Me., for Leslie Dyer.

GIGNOUX, District Judge.

The defendants in this case, which is entitled on the docket of this court, Civil Action Number 5–76, have served upon the Government a Notice of Taking of Depositions on oral examination under Rule 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A. of five individuals, four of whom are lobster fishermen and one of whom is a lobster dealer, and all of whom appeared before the grand jury which returned the indictment in the companion criminal case against the same defendants in this court, Criminal Number 57–35, now scheduled for trial on May 19, 1958. The present ruling arises upon the motion of the Government asking this Court for an order under Rule 30(b) of the Federal Rules of Civil Procedure deferring the taking of any depositions and particularly those of the five named individuals until the companion criminal case against these same defendants is disposed of.

Counsel for the defendants argue that the depositions are sought for the purpose of obtaining evidence to assist them in the preparation of this case, which has not yet been scheduled for trial, and, in view of the congestion of this Court's calendar, cannot possibly be scheduled for trial until completion of the companion criminal case scheduled to commence on May 19, 1958.

Counsel for the defendants concede that there is a likelihood that the evidence to be obtained by them through the requested depositions will assist the defendants in the preparation of their defense to the criminal action, but contend that such possibility does not constitute good cause for the granting of the deferment requested under Rule 30(b) of the Federal Rules of Civil Procedure. Counsel for the Government take the position that the defendants are attempting to take advantage of the Civil Rules to obtain evidence for use in the criminal case since but for the pendency of the civil case, the defendants would not be entitled to obtain such evidence in the manner requested for use in the criminal case.

In support of its motion, Government counsel have called the Court's attention to the cases of United States v. A. B. Dick Co., D.C.E.D.Ohio 1947, 7 F.R.D. 442, and United States v. Linen Supply Institute, D.C.S.D.N.Y., 18 F.R.D. 452, in both of which cases the courts refused to compel the Government to answer interrogatories propounded under Rule 33 of the Federal Rules of Civil Procedure in civil anti-trust proceedings until companion criminal anti-trust proceedings had been disposed of. As the Court reads these opinions, the requested deferments were granted by the courts because the

patent purpose of the interrogatories was to obtain information through the medium of the civil proceedings to which the defendants were not entitled, or in a manner in which the defendants were not entitled, under the criminal rules, the courts being satisfied that no showing had been made that prejudice to the rights of the defendants in the preparation of their defense in the civil proceedings would result from the deferment.

Counsel for the Government have also called to the Court's attention the unreported ruling of the District Court for the District of Columbia in United States v. Parke, Davis & Company, Civil Number 1064, June 26, 1957, which apparently involved the precise question presented to this Court upon this motion and in which the court ruled from the bench that it would not permit the requested depositions to be taken until after the trial of the criminal case.

At the argument of this motion, defendants' counsel were unable to indicate any prejudice which would result to the defendants in the preparation of their defense in this civil proceeding if this Court should grant the requested deferment. In fact, this Court cannot see that any such prejudice would result. The Court is further prepared to indicate at this time, as it did in the course of argument, that defendants in this action will be granted any reasonable continuance following termination of the criminal proceedings necessary for the purpose of taking such depositions and completing

such other pre-trial discovery procedures as may be indicated for the preparation of their defense in this civil proceeding.

Being satisfied, then, that no prejudice to the defendants in the preparation of their defense in this civil action will result, and being of the opinion that defendants in criminal actions cannot properly take advantage of the coincidence of a companion civil case to obtain prosecution evidence which would not otherwise be available to the defendants under the Federal Rules of Criminal Procedure, 18 U.S.C.A., for use in the criminal case, the taking of the depositions of Philip Upton, Donald Barnes, Donald Rich, Myles O'Reilly and Evans Doughty will be deferred until the companion criminal case against these same defendants in this Court, Criminal Number 57–35, now scheduled for trial on May 19, 1958, is disposed of.

The Court will simply note that the deferment is not as broad as that requested by the Government, and, specifically, is not a deferment of the taking of any depositions by the defendants in this action, since the Court can conceive of situations being present or arising in which a deferment of the taking of a deposition of a particular individual might operate to the prejudice of the defendants in this civil action.

The Court will request counsel for the plaintiff to submit an appropriate order for signature by the Court, first obtaining, of course, the approval of the defendant as to form.