**UNITED STATES of America,**
**Libelant,**

v.

**$2,437.00 UNITED STATES CURRENCY.**
**Misc. No. 64–M–662.**

United States District Court
E. D. New York.
Nov. 16, 1964.

**258**

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for libelant; William N. McKee, Jr., Asst. U. S. Atty., of counsel.

Joseph P. Marcelle, New York City, for claimant.

BRUCHHAUSEN, District Judge.

The libelant, the Government, moves pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, to quash the written interrogatories served by claimant, Joseph Harsche, without prejudice, or to extend the time of the libelant until after the disposition of the criminal action against said claimant.

This action was commenced on June 24, 1964 for an adjudication, forfeiting to the Government the sum of $2,437, seized on January 10, 1964 by Government agents in the place of business of the claimant, Joseph Harsche. The Government asserts that this currency was used and intended for use in the conduct of the business or occupation of accepting wagers and that the claimant engaged in such business without having paid the special occupational tax imposed thereon and without having registered, as required by Federal law.

On June 18, 1964 a criminal information was filed against the claimant and two co-defendants.

The Government contends that the said criminal proceeding against the claimant arises out of the identical circumstances as are involved in this forfeiture action.

The said Rule 30(b) vests the Court with discretion to grant relief upon good cause shown.

The libelant sets forth in the moving affidavit its reason for the application, viz.:

"JOSEPH HARSCHE, defendant in the criminal action, would not be entitled in that action to disclosure of the Government's case, nor would he be entitled to take the testimony of the Government's witnesses. The information requested in the interrogatories served upon Libellant may prejudice the Government's case in the criminal action and would be granting claimant herein indirectly what he would not be able to obtain directly or otherwise in the criminal action."

The cases of United States v. A. B. Dick Co., D.C., 7 F.R.D. 442, United States v. Linen Supply Institute, D.C., 18 F.R.D. 452, United States v. Maine Lobstermen's Association, D.C., 22 F.R.D. 199 and United States v. One 1963 Chevrolet Sedan, Misc. No. 63–M–1239, support the Government's position. The issues in the latter case were similar to those involved in the case at bar. There, too, the Government had seized property, an automobile, and commenced a forfeiture proceeding. The claimant posted a $250 bond for costs. All of the aforesaid cases were cited in the brief, submitted by the Government to the Court. Chief Judge Zavatt of this Court presided at the hearing of the motion and, upon the papers and argument, granted the Government's motion. No opinion was filed.

The position of the claimant is stated in the opposing affidavit, viz.:

"The proceeding began with the seizure by the Government of currency belonging to the claimant. The currency would still be in the

possession of the libellant except for the bond that claimant has been compelled to post in order to obtain the currency. Any delay in the speedy resolution of the civil action would clearly prejudice the claimant by depriving him of his right to the free use of the currency without the burden and expense of the bond he has been compelled to post."

In substance, the claimant states that he will be prejudiced in that he will incur an obligation for premiums on the bond he has posted.

In the Dick case the Court said:

"The sole question, * * * is * * * whether the failure to furnish the information sought until the disposition of the criminal case will deprive these defendants of the benefits bestowed by the rules of discovery?

"The preposition is apparent that if a timely disclosure is made, so that the defendants are given adequate and full opportunity to prepare their defenses, they cannot possibly be harmed."

The claimant should be afforded reasonable opportunity, at the conclusion of the criminal action, to complete discovery proceedings.

The case of Hiss v. Chambers, D.C., 8 F.R.D. 480, relied upon by the claimant is distinguishable. The Government was not a party to the civil action. Although it objected to the taking of the defendant's deposition, it reported to the Court that its representatives knew of no facts that would indicate prejudice to the criminal action.

The libelant's motion is granted to the extent that its time to file objections to the interrogatories or to respond thereto is extended until after the disposition of the criminal action.

Settle order on notice.