ZARA CONTRACTING Co., INC., Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 43193.)

Third Department, February 2, 1965.

Louis J. Lefkowitz, Attorney-General (Jean M. Coon and Paxton Blair of counsel), for appellant.

Emanuel Harris and Max E. Greenberg for respondent.

GIBSON, P. J. Appeal is taken from an order of the Court of Claims which directed that the State, by its employees, be examined before trial " with respect to the relevant and material allegations of fact put in issue by the pleadings " and that on such examination there be produced " the contract, plans and specifications for the performance of the contract referred to in the annexed affidavit, and also all its job reports, reports of consulting engineers, records and correspondence pertaining to the issues ".

Claimant sues for moneys allegedly due it under a highway construction contract and the State counterclaims for the amount of the value of topsoil allegedly removed from the construction site. There is pending an indictment charging claimant and others with grand larceny, first degree, in the theft of the topsoil and with conspiracy. Claimant and its codefendants in the criminal action moved in the Supreme Court, in Suffolk County, for a bill of particulars. The motion was denied, the court quoting People v. Spina (14 A D 2d 505) in holding that defendants are " not entitled to a bill of particulars of the prosecutor's theory of proof or of the evidence which he intends to introduce." The claimant then moved in the civil action in the Court of Claims for the examination and production which were thereupon granted in the language hereinbefore quoted and which would supply the evidentiary material, or some of it, which had been denied to claimant upon its motion in Supreme Court.

Invoking our authority to make " a protective order * * * limiting * * * the use of any disclosure device " (CPLR 3103, subd. [a]), the State urges that the Court of Claims order overrules that of the Supreme Court and constitutes " prejudice " to the State and to the courts, within the intendment of that section. Respondent contends, among other things, that the order was proper in the light of an earlier order made by a Judge of the Court of Claims which denied a stay of the action pending disposition of the criminal prosecution and that no appeal was taken from the order, which is now the law of the

case. The contention is without merit as this court is not bound by the Court of Claims order. (*Field* v. *Public Administrator,* 10 A D 2d 97, 98 and cases there cited.)

In this case, the public interest in the criminal prosecution is of "superior weight" to this civil litigant's claim of an immediate right to pretrial procedures tending to disclose the prosecution's case. (*Lewis* v. *Roux Trucking Corp.,* 222 App. Div. 204, 210.) Respondent correctly asserts that *Lewis* is not directly in point, but the rationale of the decision is fully persuasive and is applicable here. We find equally sound, and closely parallel, the cases of *Campbell* v. *Eastland* (307 F. 2d 478, cert. den. 371 U. S. 955) and *United States* v. *Bridges* (86 F. Supp. 931).

The order should be modified, on the law and the facts and in the interests of justice, so as to deny, pending determination of the criminal prosecution, examination regarding, and production of data concerning the issues tendered by the counterclaim, or with respect to any facts which may be relevant both to the claim proper and to the criminal prosecution, and, as so modified, affirmed, with costs to appellant; and without prejudice to an application to vacate such restrictions in the order if, without good cause, the criminal action shall not be brought to trial promptly.

HERLIHY, REYNOLDS, TAYLOR and HAMM, JJ., concur.

Order modified, on the law and the facts and in the interests of justice, so as to deny, pending determination of the criminal prosecution, examination regarding, and production of data concerning the issues tendered by the counterclaim, or with respect to any facts which may be relevant both to the claim proper and to the criminal prosecution, and, as so modified, affirmed, with costs to appellant; and without prejudice to an application to vacate such restrictions in the order if, without good cause, the criminal action shall not be brought to trial promptly.