**UNITED STATES of America, Libelant,**

v.

**ONE 1964 CADILLAC COUPE DeVILLE, Motor and Serial No. 64 J 035660.**

**No. 65 AD. 762.**

United States District Court
S. D. New York.
Jan. 5, 1966.

Godfrey H. Murrain, New York City, for claimant.

Robert M. Morgenthau, U. S. Atty., S. D. New York, for libelant. Martin Paul Solomon, Asst. U. S. Atty., of counsel.

## MEMORANDUM

FREDERICK VAN PELT BRYAN, District Judge:

Claimant Dennis Hamilton has moved for an order under Rule 37(d) striking the libel of the United States and dismissing the action with prejudice. By order to show cause the government has cross-moved pursuant to Rules 30(b) and 33 for an order deferring the time within which it must answer interrogatories and staying all other civil discovery in this proceeding until disposition of a criminal action presently pending in this court.

On May 21, 1965 the claimant Dennis Hamilton and one Willie Spain were arrested for violation of the federal wagering laws. The automobile which is the subject of this action was seized at the same time. On July 23, 1965, the United States commenced this forfeiture action, alleging that the automobile in question was used for violation of the wagering laws. Thereafter on August 5, 1965, Dennis Hamilton filed a Claim of Owner with a stipulation for claimant's costs, and on August 19, 1965, filed his answer to the libel. The interrogatories here involved were served on the United States on September 15, 1965.

The parties apparently agree that where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter. Campbell v. Eastland, 307 F.2d 478 (5 Cir. 1962), cert. den., 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); United States v. Bridges, 86 F. Supp. 931 (S.D.Cal.1949); United States v. $2,437.00 United States Currency, 36 F.R.D. 257 (E.D.N.Y.1964); United

States v. Steffes, 35 F.R.D. 24 (D.Mont. 1964) ; United States v. Maine Lobstermen's Ass'n, 22 F.R.D. 199 (D.Maine 1958) ; United States v. Linen Supply Institute, 18 F.R.D. 452 (S.D.N.Y.1955) ; United States v. A. B. Dick Co., 7 F.R.D. 442 (N.D.Ohio 1947) ; United States v. One 1963 Chevrolet Sedan, Misc. No. 63–M–1239, E.D.N.Y.1963; Zara Contracting Co. v. New York, 22 A.D.2d 415, 256 N.Y.S.2d 98 (3d Dep't 1965). The justification for this rule is that a defendant in a criminal case should not be permitted to use the liberal civil discovery procedures to gather evidence which he might not be entitled to under the more restrictive criminal rules. Campbell v. Eastland, supra.

However, the claimant contends that the government has waived the right to the protective order to which it might otherwise be entitled since nearly three months have elapsed since the interrogatories were served on September 15, 1965.

The provisions of Rule 30(b) made specifically applicable to written interrogatories under Rule 33 [1] require that an application for a protective order be "seasonably made" by the objecting party. Moreover, though Rule 33 requires that in the absence of a motion interrogatories must be objected to within 10 days or answered within 15, Rule 6(b) permits an extension of time "where the failure to act was the result of excusable neglect." The question thus becomes whether the government's motion was "seasonably made," or alternatively, whether the government's delay could be termed "excusable neglect." See Cleminshaw v. Beech Aircraft Corp., 21 F.R.D. 300, 302 and n. 8 (D.Del.1957).

An examination of the facts is required. As mentioned, the written interrogatories were served on September 15, 1965. After expiration of the fifteen day period counsel apparently engaged in inconclusive conversations about the possibility of extending the government's time to answer. On October 25, the United States attorney in charge of the case was informed that criminal proceedings had been instituted against Willie Spain, from whom the automobile in question was seized, and Dennis Hamilton, the claimant in this action. Counsel thereupon discussed the possibility of entering into a stipulation to defer discovery in the civil action pending determination of the related criminal matters. On November 5 the claimant served a letter upon the United States Attorneys' office expressing dissatisfaction with the delay, requesting the answers "forthwith," and suggesting that "necessary action" to protect the rights of the claimant might have to be undertaken. These motions followed.

■■ Striking a pleading or dismissing an action for failure to answer interrogatories is a harsh device to enforce compliance with the rules and it should be used sparingly. E. g., Negron v. Peninsular Nav. Corp., 279 F.2d 859 (2 Cir. 1960) (per curiam) ; Republic Productions, Inc. v. American Federation of Musicians, 30 F.R.D. 159 (S.D.N.Y.1962). Under the circumstances I conclude that the laxity demonstrated by the government in this case does not constitute a "wilfull" failure to serve answers which would warrant dismissal of the action. See Rule 37(d), F.R.Civ.P. Accordingly, the claimant's motion to strike and dismiss is denied.

■ The government's motion for a stay is also addressed to my discretion. It is true that the United States in civil cases should not be permitted to ignore the Federal Rules of Civil Procedure simply because a criminal action involving the same questions has been—or may be—instituted. However, the claimant's interrogatories in the case at bar are plainly directed toward securing information regarding the legality of the sei-

---

1. Rule 33 states that "[t]he provisions of Rule 30(b) are applicable for the protection of the party from whom answers to interrogatories are sought under this rule."

zure of the automobile in light of Fourth Amendment criteria. Though information of this nature is relevant in a forfeiture proceeding, see One 1958 Plymouth Sedan v. Com. of Pennsylvania, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), it is obviously of paramount importance in the pending criminal action. Under the circumstances the fact that counsel for the government was dilatory is not a ground for authorizing a criminal defendant to utilize the discovery devices of the Federal Rules of Civil Procedure. Cf. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940). Thus the government's motion for a stay has been "seasonably made" within the meaning of Rules 30 and 33.

The motion for a stay of all discovery proceedings in this action until disposition of the criminal actions presently pending is granted. Upon conclusion of the criminal actions the government shall have ten (10) days to serve answers to the interrogatories.

Settle order on notice.

