HOBSON, Judge.
On November 14, 1966, the petitioner, Judith McLaughlin, filed in the Circuit Court for Polk County a complaint for damages against the respondent, Marion W. Hester. The complaint charged the respondent with slander, in that he had falsely accused the petitioner of embezzlement, fired her from the respondent’s firm, and then caused her to be fired from another firm where she had obtained employment after leaving the employ of the respondent.
On November 22, 1966, approximately one week after the respondent was served with the complaint, it is alleged he caused a direct information to be filed against the petitioner by the Honorable Gordon Mac- *789 Calla, County Solicitor for Polk County, Florida.
On December 8, 1966, the petitioner filed and served upon the respondent’s attorney, the Honorable B. J. Langston, notice that the petitioner would take the depositions of the respondent and a Mr. John Cotting-ham on December 14, 1966.
On December 13, 1966, the day before the •depositions were to be taken, the Honorable Gordon MacCalla, County Solicitor, filed in the civil case, sub judice, a Motion to Stay Taking of Depositions. This motion was filed without notice to either of the attorneys herein and contra to the specific wording of Rule 1.24(b), Fla.R.Civ.Proc. (1966), 30 F.S.A. The County Solicitor alleged that since he had no knowledge of the request for depositions until late afternoon of December 12th the State, therefore did not have time in which to give notice. Mr. MacCalla filed this motion in his capacity as County Solicitor and on behalf of the State of Florida. The motion requested that the Circuit Court enter an order suppressing the taking of the depositions in the civil case until further order. The basis for the County Solicitor’s request is found in paragraph two of his motion to stay which reads as follows:
“(2) That the attorney for the said Judith McLaughlin would not be permitted by the current rules and laws of the State of Florida to subpoena and take the deposition of witnesses in the pending criminal case, but has subpoenaed Marion Hester and John Cottingham, two of the State’s witnesses, for the taking of the depositions of said witnesses at 1:00 o’clock P.M. on the 14th day of December, 1966, at the office of Langston & Massey, Lakeland, Florida; that the taking of the depositions of these witnesses prior to the criminal trial would be permitting the defendant in the criminal trial to accomplish indirectly that which the law prohibits directly and would constitute an abuse of the processes of the Court.”
This motion was granted on December 13, 1966 until further order of court but the motion was set down for further consideration on January 4, 1967.
On December 28, 1966, the petitioner filed a motion to quash the foregoing order upon the following grounds:
(a) the motion to suppress was not filed by a party to the cause or by the persons to be deposed;
(b) the motion was not timely filed;
(c) no good cause was alleged in said motion;
(d) the order was entered without notice to the opposing party.
After the Jaunary 4th hearing the trial court ordered that the taking of the depositions in question would be stayed until after March 10, 1967.
Subsection (b) of Rule 1.24, Depositions upon oral examination, Rules of Civil Procedure (1966) governs the dispute herein. Subsection (b) reads as follows:
“After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice, or that it may be taken only on written interrogatories, or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or that the examination shall be held with no one present except the parties to the action and their officers or counsel, or that after being sealed the deposition shall be opened only by order of the court, or that secret processes, developments, or research need not be disclosed, or that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed *790 by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression.” (emphasis added)
The main thrust of petitioner’s argument is to the effect that in consideration of the express provisions of Rule 1.24(b), supra, Mr. MacCalla was not a proper person to file a motion to suppress. It is emphasized that Mr. MacCalla filed this motion in this civil proceeding in his capacity as County Solicitor and on behalf of the State of Florida and was neither the attorney of record for the respondent or for the witnesses who had been set down for depositions.
Even though the petitioner fails to cite case authority specifically in point and our independent research has failed to find any governing precedent, we agree with petitioner that in light of the unambiguous language in the rule Mr. MacCalla as County Solicitor did not represent “any party” to the suit nor did he represent a “person to be examined” and therefore had no standing to be heard.
The specific theory employed by the County Solicitor has been previously employed in several federal cases under the analogous Federal Rule 30(b) to successfully stay the taking of depositions in a civil trial until the criminal trial, involving the same factual situation, had been resolved. But in these cases the party filing such a motion was always a party to the civil cause and not an independent third party. See United States v. Maine Lobstermen’s Association (1958, D.C. Me.) 22 F.R.D. 199; United States v. A. B. Dick Co., D.C.E.D. Ohio 1947, 7 F.R.D. 442; and United States v. Linen Supply Institute, D.C.S.D. N.Y., 18 F.R.D. 452.
It is also noted that the petitioner’s civil action was filed prior to the filing of the direct information. The State of Florida did not attempt to prove nor even allege that the filing of the civil suit was spurious and for the purpose of obtaining the testimony of the respondent and Mr. Cottingham to aid the petitioner in the criminal charge against her. Without deciding the issue, because it is not before us, the outcome might well be different if the State alleged and proved such deceptive motives in the filing of the civil suit.
Finally, while we realize this conclusion will allow petitioner to obtain possible evidence which she would not otherwise be able to obtain under our present criminal procedure, we note that Section VI(f) of the recently adopted Florida Rules of Criminal Procedure, effective January 1, 1968, will render respondent’s argument moot.
In consideration of the above, the petition for certiorari is granted and the trial court’s order staying the taking of the depositions herein is quashed.
SHANNON, Acting C. J., and OVER-TON, BEN F., Associate Judge, concur.