**UNITED STATES of America**

v.

**ONE 1967 BUICK HARDTOP ELECTRA 225, Motor and Serial No. 484397H294621.**

**Civ. A. No. 69–342.**

United States District Court
W. D. Pennsylvania.

Oct. 13, 1969.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for the United States.

Martin Sheinman, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is before me on a motion filed by the United States to quash a subpoena issued at the direction of William M. Goldberg, the claimant in this case, for the purpose of taking the deposition of Jack J. Greenberg.

On January 9, 1969, a preliminary hearing, Transcript No. 68–216, was held and Goldberg, the claimant in this action, was held over for the grand jury on charges of selling, exchanging and giving away narcotic drugs in violation of the federal narcotic statutes. The complaint in this action was then filed by the Government for forfeiture of the automobile in question under the provisions of 49 U.S.C. §§ 781 and 782.

To support its motion to quash the subpoena, the Government contends that Greenberg is their witness in the criminal proceedings, and that the defendant in the criminal case, who is the claimant of the automobile in this action, seeks his remedy not only in the criminal case by a motion to suppress the evidence and return the property to him, but also seeks that remedy in this action.

It has been held that " * * * where both civil and criminal proceedings arise out of the same or related transactions the Government is ordinarily entitled to stay of all discovery in the civil action until disposition of the criminal matter." United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y., 1966). See also, United States v. $2,437.00 United States Currency, 36 F.R.D. 257 (E.D.N.Y., 1964).

The purpose of delaying discovery in civil actions of this nature is that through the liberal discovery allowances of our rules of civil procedure, a criminal defendant should not be permitted to secure that to which he is not entitled under the rules of criminal procedure. United States v. One 1964 Cadillac Coupe DeVille, supra.

It therefore appears that pending a termination of the criminal proceedings, the motion of the United States to Quash the Subpoena served on Jack J. Greenberg should be granted.