**UNITED STATES of America, Plaintiff,**

v.

**ONE 1967 FORD GALAXIE, Motor and SERIAL NO. 7E 55C256256, Defendant.**

**No. 69–Civ. 3110.**

United States District Court,
S. D. New York.

Jan. 15, 1970.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for

plaintiff, by Michael C. Silberberg, Asst. U. S. Atty.

Gordon & Rosenberg, New York City, for defendant, Howard W. Gordon, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

This is a forfeiture proceeding brought, pursuant to 49 U.S.C. § 782, by the United States of America by its attorney, Robert M. Morgenthau, United States Attorney for the Southern District of New York, against one 1967 Ford Galaxie, Motor and Serial No. 7E 55C256256. The car bears the registration MF6703 and is registered to Esther Frimet. The car was seized on May 22, 1969 by agents of the United States Secret Service for violation of 49 U.S.C. § 781(a) (3) and is now in the custody of the Regional Commissioner of Customs for the Port of New York. The specific alleged violations of the later statute are as follows:

"6. Said vehicle had been and was being use [sic] to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange or giving a certain quantity of counterfeit United States postage stamps which were away of a contraband article, to wit: possessed with intent to sell or offer for resale, in violation of the law and regulations of the United States dealing therewith or which were sold or offered for sale in violation thereof or which had been acquired or possessed in violation of any law of the United States dealing therewith." Complaint, par. 6.

The alleged user of the defendant car for the above purposes is Mr. Frimet, the husband of the owner-claimant. Mr. Frimet is a defendant in a criminal action pending in this Court and is charged therein with above illegal activities.

Mrs. Frimet, the registered owner of the car, is the claimant herein and is op-posing the government in its instant forfeiture proceeding.

Mrs. Frimet initially made a petition to this Court "for an order declaring unreasonable, illegal and void the seizure" of the car. Denying that petition in a Memorandum on June 23, 1969, Judge Morris E. Lasker of this Court indicated that claimant's proper legal procedure to assert its claim was to follow the procedures established by 19 U.S.C. § 1608, i. e., to resist the instant forfeiture proceeding of the government, and not to proceed by an independent proceeding. Claimant has followed the correct procedure, as outlined by Judge Lasker in his Memorandum and is opposing the instant forfeiture proceeding of the government.

Accordingly, on November 7, 1969, claimant served written interrogatories upon plaintiff, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

In response, plaintiff on November 20, 1969 made the instant motion for a protective order, pursuant to Rules 30(b) and 33 of the Federal Rules of Civil Procedure, deferring the time in which plaintiff must answer the interrogatories and staying all other civil discovery in this proceeding until disposition of the criminal action pending in this Court against claimant's husband Philip Frimet, as described *supra*.

This motion of plaintiff to stay claimant's civil discovery in the instant proceeding pending the disposition of the criminal charges against claimant's husband was heard by the undersigned on November 26, 1969, and decision was reserved.

In support of its motion, plaintiff argues that any information that Mrs. Frimet, the claimant, might obtain through civil discovery procedures would inure to the benefit of her husband in his criminal case. The government maintains that the defendant in a criminal case should not be permitted to take advantage of the liberal civil discovery procedures to gather evidence which he might not be entitled to under the more

restrictive criminal rules, and that accordingly further civil discovery by claimant should be stayed as requested.

In opposition to the government's motion for a stay of civil discovery, claimant points out that she is not herself a defendant or a potential defendant in the criminal trial. Claimant has indicated that she will prove on the trial of the instant matter that her car was not involved in carrying contraband or used to facilitate the transfer of any contraband material by her husband, as the government alleged in seizing the car. Plaintiff argues that the car, if any, involved in the alleged transportation of contraband was a station wagon rented by Philip Frimet from the Kinney Rent A Car Company.

There is, as the government suggests, authority to the effect that when both civil and criminal proceedings arise out of the same or related transactions the government is as a general rule entitled to a stay of all discovery in the civil action until disposition of the criminal matter. Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), *cert. denied*, 371 U. S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); United States v. One 1964 Cadillac Coupe De Ville, 41 F.R.D. 352 (S. D.N.Y.1966).

However, this rule has, as claimant argues, only been applied where the defendant in the criminal action is himself involved in the civil action and seeking to take advantage of the more liberal civil discovery procedures to aid him in the defense of the criminal case. We are now asked to extend the rule to the instant situation, where it is not the defendant *himself* who is involved in the civil action, but his wife.

Even assuming that the rule otherwise applies in the instant case, we are not disposed to extend it, and decline to do so. We are committed to the concept of broad and expeditious discovery. We are also aware of the practical matter that cars depreciate rapidly and that

consequently claimant, who is proceeding defensively herein pursuant to 19 U.S.C. § 1608, would be prejudiced by delay. The government is in the position in this proceeding of seeking to have Mrs. Frimet's car forfeited, while at the same time preventing her by the stay sought herein from obtaining information that might enable her to defend against the government's claim. This is not an appealing position. Moreover, we were advised by counsel for plaintiff on oral argument that the car will not be an exhibit at the criminal trial.

Accordingly, no over-riding public interest in staying discovery has been shown. Plaintiff's motion for the stay is denied in whole.

So ordered.