MILLS, Judge,
dissenting:
I dissent.
*83 Nowling was charged with a criminal offense which was based upon a complaint by Ellis who is the plaintiff in this civil action which is based on the incident giving rise to the criminal charge. He served Nowling with a notice of taking his deposition. Nowling moved for a protective order, primarily to postpone the taking of the deposition until the criminal case had been disposed of. The trial court granted the motion in part and denied it in part. Nowling appeals from the denial.
The trial court’s order reads as follows:
“ORDERED AND ADJUDGED:
“1. TJjat the defendant and Third Party Plaintiff’s request that the deposition be postponed, is hereby DENIED.
“2. That the deposition of the defendant and third party plaintiff shall proceed as scheduled pursuant to notice of deposition and said defendant may not claim the exercise of his privilege against incrimination except as the same is protected by this Order.
“3. That the testimony given by the defendant and third party plaintiff may not be used by the State of Florida in the pending criminal action against him, the same being case # 76MM792 for purpose of' introduction to evidence or for impeachment or for any other purpose.”
The criminal trial is set for 14 April 1977. Absent any compelling reasons, and none are shown by the record presented to us, a defendant in a civil suit should not be deposed when there is a criminal case pending against him arising out of the same incident. United States v. A. B. Dick Company, 7 F.R.D. 442 (N.D.Ohio 1947). In addition, in the absence of prejudice to the plaintiff, and none is shown by the record presented to us, the defendant’s deposition should be taken after the criminal case in concluded. United States v. Maine Lobstermen’s Association, 22 F.R.D. 199 (S.D.Me.1958).
I would reverse with instructions to the trial court to postpone the taking of Nowl-ing’s deposition until the criminal case is concluded.