**In re IVAN F. BOESKY SECURITIES LITIGATION.**

**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**DREXEL BURNHAM LAMBERT INCORPORATED, et al., Defendants.**

MDL No. 732.
M21–45–MP.
No. 88 Civ. 6209 (MP).

United States District Court, S.D. New York.

Oct. 16, 1989.

Thomas C. Newkirk, S.E.C., Div. of Enforcement (Thomas C. Newkirk, New York City, and Rory C. Flynn, of counsel), for plaintiff.

Benito Romano, U.S. Atty., S.D.N.Y. (John K. Carroll and Kay Gardiner, Asst. U.S. Attys., New York City, of counsel), for intervenor.

Steven B. Rosenfeld, Paul, Weiss, Rifkind, Wharton & Garrison (Steven B. Rosenfeld and Anthony Blinken, of counsel), New York City, for defendant Michael R. Milken.

Michael F. Armstrong, Lord, Day & Lord, Barrett Smith, (Michael O. Finkelstein and Ethan Greenberg, of counsel), New York City, for defendant Lowell Milken.

## DECISION

MILTON POLLACK, Senior District Judge.

Michael Milken and Lowell Milken are defendants in parallel civil and criminal cases brought respectively by the Securities and Exchange Commission ("SEC") and the United States Attorney ("Justice") and pending in the Southern District of New York. Defendants have moved in the civil case under Rule 37(a), Fed.R.Civ.P., to compel production for inspection of documents requested under Rule 34 which are said to be in the files of the SEC as part of its investigative files and in the files of Ivan F. Boesky's attorneys, Fried, Frank, Harris, Shriver & Jacobson ("Fried, Frank"); Boesky is a defendant in cases consolidated and coordinated for discovery in MDL Dkt. No. 732 and a prospective witness in the criminal suit against the Milkens.

The documents sought are those detailing the financial transactions of Boesky and the communications of Boesky, his employees and affiliates, with SEC and Justice and the documents received and created by those agencies in regard to Boesky's negotiations and eventual settlements and cooperation with the SEC and Justice. Work product of Fried, Frank and their documents relating to Boesky's cooperation

with the Government are included by the requesting parties.

Justice has interposed objection to the disclosure of a minimal number of requested items at this time on the ground that it would be harmful to the criminal prosecution and that the criminal discovery rules do not allow defendants under criminal indictment to compel inspection of these documents from any source at this time since they do not constitute so-called "Brady material," *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and, if not privileged, are "3500" material (18 U.S.C. § 3500) and not discoverable until the criminal trial, which is scheduled for March, 1990. At the argument of the motion, counsel for the Milkens conceded as follows: "I am willing, for the purpose of this motion, to accept *arguendo* that the documents that we're talking about would not be discoverable under the criminal rules in the criminal case."

The Milkens' motion seeks to vacate so much of ¶ 10A of this Court's Order No. 45 as provides that: "Documentary production by any witness on subjects designated by the [U.S.] Attorney as posing a threat to ongoing related criminal investigation or proceedings shall be deferred temporarily until further order of the Court." The motion also seeks to vacate so much of Order No. 46 as provides that certain documents in the possession of Fried, Frank, which have been identified by the Court after an *in camera* inspection, "should be temporarily withheld from production in discovery proceedings, in the public interest ..."[1]

## *Discussion*

A. Problems of Discovery in Parallel Proceedings:

Discovery differs greatly in civil and criminal cases. Fed.R.Civ.P. 26(b)(1) provides that a party to a civil litigation is presumptively entitled to "obtain discovery

---

1. The SEC and Justice have made available from their investigative files in excess of a million documents. Counsel have been notified by the Government of the identity and scope of documentary items which should be temporarily withheld from disclosure at this time. The Government states that even these documents likely will be made available at the appropriate time in the criminal case.

regarding any matter, not privileged, which is relevant to the subject matter involved in the pending case." Fed.R.Crim.P. 16(a)(1) is more restrictive: the defendant is entitled thereunder to those documents "which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial ..."

No question of relevancy or privilege is now being argued; and, though, there is an indication that some of the documents demanded may be privileged from disclosure as attorney work product or for other reasons, that point is not now before the court. Order No. 46 directs that the Fried, Frank documents, and any others being temporarily withheld, must be disclosed "not later than 60 days before trial of any of the coordinated [civil] cases." Even assuming necessity for trial preparation purposes, disclosure at that time, in the Court's opinion, would provide ample opportunity for defendants to cope with their contents before trial of any of the civil cases in which the Milkens are named.

**B. Court's Discretion:**

When, as here, there are parallel criminal and civil proceedings relating to the same subject matter, the court is confronted with the conflict inherent in providing fair discovery sufficient to allow the defendants adequately to defend their civil case(s) while at the same time protecting the Government's interest and greater evidentiary burden in prosecuting the criminal case. The scope of the district court's discretion thereon is substantial. *Ross v. Bolton,* 106 F.R.D. 22, 23 (S.D.N.Y.1985) (Callaghan, J.) ("District courts are granted wide discretion in supervising the extent of discovery before trial, and in limiting discovery where there is a showing of good cause.").

**C. Deferral of Civil Discovery:**

The leading case addressing the problem of balancing discovery interests in parallel proceedings is *Campbell v. Eastland,* 307 F.2d 478 (5th Cir.1962) (Wisdom, J.), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963). Judge Wisdom, speaking for the Fifth Circuit, has pointed out that the *public interest* in the criminal case is entitled to precedence over the civil litigant: "a trial judge should give substantial weight to [the public interest in law enforcement] in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities." *Id.* at 487. When faced with parallel proceedings,

> Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other.

*Id.*

In such situations, a stay of all civil proceedings, or at least of all disclosure, or the imposition of protective orders is well within the informed discretion of the court; therefore, of course, so are less severe remedies such as the temporary deferral of discovery. *SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C.Cir.1980) (Wright, J.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980) ("a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions ...").

Arguing that the court should compel the production of all documents at this time, the Milkens assert that, beyond the fact that criminal discovery is narrower in scope than civil, the Government has shown no justification for withholding what has been referred to as 3500 material and the transcripts of the private investigative inquiries by the SEC. Further, they contend that any need for withholding disclosure thereof has passed now that the grand jury investigation has resulted in the indictment of the Milkens.

Nevertheless, there is sufficient case law to support the Government's argument that the complete disclosure demanded, which would call for 3500 material not obtainable at this time under the criminal procedure rules, should be temporarily deferred because of possible prejudice to the

criminal proceedings and to the public interest concerns in law enforcement cited in *Campbell.*

The Second Circuit in *SEC v. Chestman,* 861 F.2d 49, 50 (2nd Cir.1988) (per curiam) (dicta), implicitly sanctioned Judge Ward's grant of a stay of discovery in a case in which the government intervened on the same grounds as here, noting the Government's interest in preventing "discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." In an analogous situation, the Southern District in *United States v. One 1964 Cadillac Coupe De-Ville,* 41 F.R.D. 352, 354 (S.D.N.Y.1966) (Bryan, J.), granted the government's motion to defer the time in which the government must answer interrogatories until after the criminal case, similarly stating "a defendant in a criminal case should not be permitted to use the liberal civil discovery procedures to gather evidence which he might not be entitled to under the more restrictive criminal rules." For similar rulings see the cases cited in the margin.[2]

While, as the Milkens assert, no reported opinions address Rule 34 production directly, other types of discovery under the Rules have pointed to the principle available as well to Rule 34 disclosure. *Chestman* and *One 1964 Cadillac Coupe De-Ville, cit. supra,* are among several authorities which provide for temporarily staying other types of discovery. In *U.S. v. Linen Supply Institute of Greater New York,* 18 F.R.D. 452, 453 (S.D.N.Y.1955) (Dimock, J.), the court granted the Government's request to extend its time to object to or respond to defendant's interrogatories until disposition of the criminal prosecution. In *United States v. A.B. Dick Co.,* 7 F.R.D. 442 (N.D.Ohio 1947) (Freed, J.), the Government indicted the defendants under the Sherman Act and sought an injunction of the defendants' activities in a parallel civil suit. The court granted the Government's motion to extend time to file objections or to respond to interrogatories until the disposition of the criminal suit. And, in *Founding Church of Scientology of Washington, D.C., Inc. v. Kelley,* 77 F.R.D. 378 (D.C.D.C.1977) (Richey, J.), the court denied the plaintiffs' motion to compel Government officials to answer interrogatories in the civil case which could reveal information from a parallel criminal investigation.

The Milkens cite Judge Sprizzo's unreported discussion with counsel in *SEC v. Musikahn Corp.,* 88 Civ. 2 (JES) (S.D.N.Y. May 5, 1988), as support for their motion. That case bears no relevant similarity to the operative facts of the cases against the Milkens.

In *Musikahn,* the SEC filed an injunction suit against an accountant based on the same transactions which were the subject of a criminal investigation of Musikahn and its personnel. The accountant sought disclosure of his involvement in the case, for his use in defending the injunction suit. The pendency of the grand jury investigation was causing him economic harm, and he lacked information on which to meet the claim of the SEC to an injunction. The United States Attorney objected to disclosure of the defendant's involvement; there was no assurance of when disclosure would be made and whether this would be timely for purposes of defending against an injunction. No indictment had been returned and no criminal trial was in prospect.[3] Based on those facts, Judge Sprizzo, in the exercise of discretion, signed a protective confidentiality order under which the defendant would receive disclosure of how he was implicated, and neither the SEC nor the civil defendant would divulge the content of that disclosure to anyone else in the action without leave of the court.

---

**2.** *See, e.g., United States v. Mellon Bank, N.A.,* 545 F.2d 869, 873 (3d Cir.1976); *Integrated Generics, Inc. v. Bowen,* 678 F.Supp. 1004, 1009 (E.D.N.Y.1988); *R.J.F. Fabrics, Inc. v. United States,* 651 F.Supp. 1437, 1440 (Ct. Int'l Trade 1986); *United States v. One 1967 Buick Hardtop Electra,* 304 F.Supp. 1402, 1403 (W.D.Pa.1969); *United States v. Maine Lobstermen's Assoc.,* 22 F.R.D. 199, 201 (D. Maine 1958); *United States v. Cigarette Merchandisers Ass'n,* 18 F.R.D. 497, 498 (S.D.N.Y.1955).

**3.** Indeed, to date now over a year later, the Government has not filed an indictment against the accountant.

*Musikahn* is hardly analogous to the situation of the Milkens. In the present case, a criminal indictment is pending; a trial date has been set; and this Court has provided for full discovery, except for 3500 materials, the disclosure of which is only temporarily deferred and which will occur no later than 60 days prior to trial of any civil suit consolidated and coordinated for discovery purposes in MDL Dkt. No. 732, including the SEC injunction suit, were any such civil trial to proceed before the criminal trial.

The Milkens argue that, at this stage, there is "little risk of perjury or manufactured evidence before the Grand Jury ..." That may very well be so. However, though no such risks have been articulated here, there continue to be the possible dangers that underlie the basis on which courts authorize deferral of full access to discovery, particularly where only 3500 material and private investigative agency proceedings are the subject of what is being withheld. *See,* 74 Harv.L.Rev. 940, 1052 (1961) (cited in *Campbell,* 307 F.2d at 487 n. 12).

With the assurance of disclosure well in advance of trial of any MDL Dkt. No. 732 case, "it is needless to give consideration to other issues urged." *A.B. Dick,* 7 F.R.D. at 442. Delaying the discovery of the few 3500 materials and agency data here sought until, at the latest, 60 days before trial of any one of the civil suits poses no discernible hardship to the Milkens.

Accordingly, balancing all the facts and circumstances herein bearing on the issue raised, the motion is, in all respects, denied.

SO ORDERED.

