**CRAWFORD & SONS, LTD. Profit Sharing Plan, James A. Crawford Profit Sharing Plan, East Prospect State Bank, Equitable Bank, First National Bank (Scott City), First Security State Bank, Northwest Bank, People's Bank, Sand Ridge Bank, Bluestem National Bank, First Victoria National Bank, American Savings, FSB, Mutual Federal Savings Bank, First National Bank (Smith Center), The Dime Savings Bank, Third Federal Savings Bank, Fidelity Bank of Florida, Citizens National Bank, City National Bank, Plaintiffs,**

v.

**Rochelle BESSER, Barry Drayer, and RW Professional Leasing Services, Inc., Defendants.**

**No. 02 CV 3442(ADS)(ETB).**

United States District Court, E.D. New York.

Jan. 6, 2004.

318

Margolin & Pierce, LLP, Errol F. Margolin, Esq., of Counsel, New York, NY, for Plaintiffs.

Dunnington, Bartholow & Miller, LLP, Thomas V. Marino, Esq., of Counsel, New York, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves an action by Crawford & Sons, Ltd. Profit Sharing Plan, James A. Crawford Profit Sharing Plan, East Prospect State Bank, Equitable Bank, First National Bank, First Security State Bank, Northwest Bank, People's Bank, Sand Ridge Bank, Bluestem National Bank, First Victoria National Bank, FSB, Mutual Federal Savings Bank, First National Bank, The Dime Savings Bank, Third Federal Savings Bank, Fidelity Bank of Florida, Citizens National Bank, City National Bank (collectively the "plaintiffs") against Rochelle Besser, Barry Drayer, and RW Professional Leasing Services, Inc. (collectively, the "defendants"), alleging common law fraud claims and RICO claims pursuant to 18 U.S.C. §§ 1962(c) and (d).

## I. BACKGROUND

The background of this case is set forth in the Court's July 11, 2003 memorandum

of decision and order ("Order"), familiarity with which is assumed. In the Order, the Court granted the defendants' motion to dismiss the plaintiffs' RICO claims under Sections 1962(a) and (b), but denied the motion as to the RICO claims under Sections 1962(c) and (d). The defendants now seek reconsideration of the Order on the ground that, among other things, the plaintiffs failed to plead any allegations to sustain their burden of pleading the RICO or the common law fraud asserted against the defendants in the amended complaint. In the alternative, the defendants move to stay this civil action pending the resolution of the parallel criminal action, *United States v. RW Leasing, et al.*, 02 CR 767.

## II. DISCUSSION

■ It is well established that district courts have discretionary authority to stay a case when the interests of justice so require. *See United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 770 n. 27, 25 L.Ed.2d 1, 12, n. 27 (1970); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir.1986) (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C.Cir.1980) (*en banc*), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980)). Courts may decide to stay civil proceedings, postpone civil discovery, or impose protective orders. *Dresser*, 628 F.2d at 1375. However, a stay of a civil case is an extraordinary remedy. *See Jackson v. Johnson*, 985 F.Supp. 422, 424 (S.D.N.Y.1997).

■ In determining whether to stay a civil proceeding pending the outcome of a related criminal case, courts consider a number of factors, including (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously; (4) the private interests of, and the burden on, the defendants; (5) the interests of the

courts and the public. *See Gala Enterprises, Inc. v. Hewlett Packad Co.*, No. 96 Civ. 4864, 1996 WL 732636, at *2 (S.D.N.Y. Dec. 16, 1996), 1996 U.S. Dist. LEXIS 18867, at *4; *Trustees of Plumbers Pen. Fund v. Transworld Mech.*, 886 F.Supp. 1134, 1139 (S.D.N.Y.1995) (footnotes omitted). In this case, these factors clearly weigh in favor of granting a stay.

■ "A stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." *Johnson v. New York City Police Dep't*, No. 01 Civ. 6570(RCC)(JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003), 2003 U.S. Dist. LEXIS 12111, at *14 (internal quotations and citation omitted). Here, the civil and criminal cases arise from the same underlying events, and the defendants have been indicted in the criminal case. Denying the stay may undermine the defendants' Fifth Amendment privilege against self-incrimination; expose the basis of the defendants' criminal defense in advance of trial; or otherwise prejudice the criminal or civil case. *See Rosenthal v. Giuliani*, No. 98 Civ. 8408 (SWK), 2001 WL 121944, *2 (S.D.N.Y. Feb. 6, 2001), 2001 U.S. Dist. LEXIS 1207, at *6; *In re Par Pharmaceutical, Inc.*, 133 F.R.D. 12, 13 (S.D.N.Y. 1990).

In addition, the plaintiffs have not opposed the motion to stay this action and have therefore asserted no undue prejudice that they might suffer as a result of a stay. Moreover, a stay in this action pending resolution of the criminal matter serves both the interests of the Court and the public. A stay would promote efficiency and avoid duplication as this Court and the parties would have the benefit of the transcripts and rulings in the criminal action. In addition, the public's interest is also served by preserving the integrity of the criminal case. *See In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y.

1989). Furthermore, a conviction or acquittal in the criminal action may negate or buttress some or all of the plaintiffs' claims. For these reasons, the Court finds that each of these factors clearly militate in favor of a stay of the civil proceedings. Accordingly, the Court grants a stay of all the proceedings in this action, including the service of the defendants' answers, pending the resolution of the criminal action.

With regard to the motion for reconsideration, the results of the criminal proceedings will aid the Court in the determination of this motion. As such, the Court denies this motion without prejudice with leave to refile upon the resolution of the criminal case.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the motion to stay this action is **GRANTED;** and it is further

**ORDERED,** that the motion for reconsideration is **DENIED** without prejudice with leave to refile upon the resolution of the criminal case.

**SO ORDERED.**