## PENN v. AUTOMOBILE INS. CO. et al.
### No. 9737.

District Court, D. Oregon.
March 24, 1939.

James C. Dezendorf (of Dey, Hampson & Nelson), of Portland, Or., for plaintiff.

John A. Collier and Earl F. Bernard (of Collier, Collier & Bernard), of Portland, Or., for defendants.

McCOLLOCH, District Judge.

The jury having disagreed at the former trial of this case, a re-trial now becomes necessary.

At the former trial defendants produced an important witness from Denver, Colorado, to support their contention that plaintiff caused the fire to be set. Now, a few days before the second trial date, defendants ask for an expression by the court as to whether this witness's testimony may be read at the second trial, thus dispensing with the necessity of again producing the witness in person. Defendants have made no showing that they cannot obtain the witness's personal presence a second time. Their position is merely that they desire to avoid the expense of bringing the witness such a long distance again.

An Oregon statute provides that "evidence may be given on the trial, of * * testimony of a witness, deceased or out of the state, or unable to testify, given in a former action, suit, or proceeding, or trial thereof, between the same parties, relating to the same matter", section 9-226, Subdivision 8, Oregon Code 1930; and the Federal Rules of Civil Procedure provide that evidence admissible under State practice shall be admissible in Federal courts sitting within the State. Rule 43, 28 U.S.C.A. following section 723c.

Plaintiff declines to stipulate in advance of trial that the testimony shall be read, and makes the observation that a court should not make advance rulings.

It was clear to the sponsors of the new Rules that judicial procedure must be improved measurably if public confidence in courts is to be retained, and I am impressed by the suggestion of defendants' counsel that the provisions for pre-trial procedure in the new Rules (Rule 16) justify the making of an order in advance of the second trial, directing the court reporter to certify to the testimony given by this witness at the former trial, to be used at the second trial, if the witness be not in the State at that time. Such will be the order.