UNITED STATES of America, Plaintiff,

v.

Leo V. STEFFES and Francis J. Steffes, Defendants.

SECURITIES & EXCHANGE COMMISSION, Plaintiff,

v.

GREAT PLAINS ACCEPTANCE CORPORATION, a Montana Corporation, and Leo V. Steffes et al., Defendants.

Civ. No. 403.

Crim. No. 240.

United States District Court
D. Montana,
Billings Division.
March 14, 1964.

See also 226 F.Supp. 51.

Moody Brickett, U. S. Atty., Butte, Mont., and Richmond F. Allan, Asst. U. S. Atty., Billings, Mont., represented the United States.

Jack H. Bookey, Seattle, Wash., represented Securities and Exchange Commission.

Gene Huntley, Baker, Mont., represented defendant Leo V. Steffes.

JAMESON, District Judge.

Plaintiff United States of America in Criminal No. 240 and plaintiff Securities and Exchange Commission in Civil No. 403, have moved to stay proceedings in Civil No. 403 and to quash subpoenas issued for the taking of depositions at the request of counsel for defendant Leo V. Steffes.

Civil No. 403 is an action by the Securities and Exchange Commission to enjoin five defendants from engaging in certain conduct and transactions which are alleged to be in violation of the Securities Laws of the United States. Criminal No. 240 is prosecuted by the United States against two of the five defendants named in Civil No. 403. These defendants are charged with offenses arising out of the conduct and transactions which are the subject of the civil action.

Pursuant to stipulation of counsel, a decree of temporary injunction was entered in Civil No. 403 on January 16, 1963, with respect to the defendant Leo V. Steffes. Likewise by stipulation of counsel, an order of permanent injunction was entered on the same date with respect to the defendant Francis J. Steffes.

No action was taken by any of the parties in Civil No. 403 between January 16, 1963, and March 6, 1964, when the defendant Leo V. Steffes gave notice of the taking of depositions.

Criminal No. 240 has been set for trial on April 21, 1964. Neither party has requested a trial of Civil No. 403, and the court has had no intention of setting that case for trial until after the disposition of the criminal action.

At the hearing on March 11, 1964, counsel for the defendant Leo V. Steffes moved the court: (1) to strike from criminal proceeding No. 240 the appearance and pleading of the Securities and Exchange Commission through its attorney for the reason that the Commission is not a party to that proceeding; (2)

to strike from Civil cause No. 403 the appearance and pleading of Richmond F. Allan for the reason that the United States through its attorney is not a proper party in that proceeding; (3) to vacate the stay order and dismiss these proceedings upon the ground that the court may not properly consolidate civil and criminal proceedings and issue orders based upon the consolidated proceedings; (4) to vacate the stay and dismiss the proceedings upon the ground that there is no cause shown for the issuance of the stay order.

■ It is admitted that the Federal Rules of Criminal Procedure contain no provision authorizing the desired depositions.[1] It is admitted also that any information and material obtained through the depositions would be used in both the civil and criminal actions. The sole question for determination is whether under these circumstances the defendant Leo V. Steffes should be permitted at this time to take the depositions of prospective witnesses under Rule 26 of the Federal Rules of Civil Procedure.

To a large extent both parties rely on the same case, Campbell v. Eastland, 5 Cir. 1962, 307 F.2d 478, apparently the only case in which a court of appeals has considered the question here presented.

Campbell v. Eastland was a civil action for refund of taxes. The facts of the civil action were inextricably interwoven with those of a criminal prosecution for fraud. The plaintiffs in the civil action, the taxpayers, filed a motion under Rule 34 of the Federal Rules of Civil Procedure for an order requiring the District Director of Internal Revenue to produce the reports of the investigating agents. The reports were in the United States Attorney's criminal files. The Director asked for a stay of the motion pending disposition of the criminal case. He contended "that the reports were privileged; that the motion for discovery was a cov-

er-up to allow the taxpayers to inspect criminal files for information not available to them before the trial of the criminal case and then available only under the strict rules of criminal procedure and the 'Jencks' Act, 18 U.S.C.A. § 3500". The trial judge held that the civil action was "independent of any criminal action" and granted the motion to produce. Upon failure of the government to comply, judgment was entered in favor of the taxpayers for the amount of the refund claimed. The court of appeals reversed, pointing out that Rule 34, F.R. Civ.P. allows discovery of documents only after showing "good cause" and specifically stated that its decision turned on the facts bearing on good cause.

The court, in some detail, made it clear that "in determining good cause for discovery in the civil suit, a determination that requires the weighing of effects, the trial judge in the civil proceeding should (not) ignore the effect discovery would have on a criminal proceeding that is pending * * *." Again, "A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other."

It must be remembered that the court found that good cause had not been shown as required for production under Rule 34. It made that determination in light of the comments quoted above, as well as other factors present in that case.

Defendant relies on this language of the court: "Limited discovery and other remedies were available * * *. By deposition under Rule 26, they could as-

---

1. The only provision for depositions under the Federal Rules of Criminal Procedure 18 U.S.C.A., is Rule 15, which does not authorize the depositions here sought.

certain relevant facts known to the agents." Thus argues defendant, the court expressly recognized the right of the plaintiff in the civil suit to take depositions. Defendant argues further that the Campbell case was concerned with an attempt to discover material privileged under the work product doctrine, and that no privileged material is involved.

I think the statement as to the right to take depositions must be read in context of the whole opinion. There the court was not concerned with an attempt to take depositions of prosecution witnesses. But in determining good cause for production the court carefully delineated the line between civil and criminal discovery processes. The court did not say that Rule 26 of the Civil Rules of Civil Procedure could be used as a device to take depositions for use in a criminal case, where the depositions could not be taken under Rule 15 of the Federal Rules of Criminal Procedure.

Judge Bell, who concurred specially, I think lucidly stated the basis with which the whole court agreed. He said: "The criminal aspect of the matter could not be ignored. The end result was tantamount to allowing discovery under Federal Rules of Civil Procedure in a criminal proceeding, something we are powerless, as was the trial court, to authorize."

 But, argues defendant, depositions may be taken under Rule 26 as a right, in the absence of a showing of good cause for a denial thereof. I think good cause for the stay has been shown. Just as the court in Campbell considered the interwoven civil and criminal factual relation in determining a lack of good cause for production, so here the same factors have been considered in determining that there is good cause for the stay.

The court having considered the various motions, memoranda of counsel, and oral argument, and being duly advised in the premises,

It is hereby ordered that each and all of the motions of the defendant be, and the same hereby are denied.

It is further ordered that the motion to stay proceedings in Civil No. 403 pending disposition of Criminal No. 240 and the motion to quash the subpoenas to take depositions in Civil No. 403, be, and the same hereby are granted, without prejudice to the defendants' right to all appropriate discovery in Civil No. 403 pursuant to the Civil Rules of Civil Procedure, when Criminal No. 240 has been concluded.