**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**CONTROL METALS CORPORATION, Paul Sachs, et al., Defendants.**

**No. 70 Civ. 4368.**

United States District Court,
S. D. New York,
Civil Division.

Nov. 14, 1972.

Kevin Thomas Duffy, Regional Administrator, S.E.C., New York City (Edward J. Levitt, New York City, of counsel), for plaintiff.

Lipkin, Gusrae & Held, New York City (Bert L. Gusrae, New York City, of counsel), for defendants.

### ORDER

KNAPP, District Judge.

This action for injunctive relief was started by plaintiff, Securities and Exchange Commission, on October 8, 1970. Shortly thereafter representatives of the Commission advised defendant Sachs that they considered his role in the transaction sufficiently serious to warrant criminal prosecution, and that the matter was being referred to the Department of Justice for that purpose. From that point onward, no further action was taken by the Commission with respect to defendant Sachs, but consent decrees were negotiated with respect to the other defendants.

In due time the Department of Justice took action on the Commission's complaint against defendant Sachs and, as the Court is advised, a Grand Jury proceeding is now pending against him in the District of Columbia and an indictment is confidently expected. In that posture of affairs, defendant Sachs served notices of deposition on four witnesses who, as the Court is informed, are likely to be called as Government witnesses in the current Grand Jury proceeding and in the expected criminal action. The Commission moves pursuant to F.R.Civ.P. 26(c) for a protective order to stay the taking of those depositions pending disposition of the criminal proceeding.

The Commission invokes the general policy that the Court should not permit civil discovery proceedings to be used to aid a party in a related criminal matter, Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. den. 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963), United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352 (S.D.N.Y.1966). Defendant Sachs, with commendable candor, concedes that such hoped-for aid in the criminal matter was a principal motivation in seeking to take these depositions.

Defendant distinguishes the authorities upon which the Commission relies by pointing out (1) he is not asking for any information from the Government or from any Government Agency, but is merely seeking to depose independent witnesses; and (2) he had no part in starting the lawsuit in connec-

tion with which the depositions are sought to be taken. He further urges that he will be prejudiced in this civil litigation if the deposition is stayed, in that the witnesses may have forgotten essential facts by the time the criminal case shall have been concluded.

The question is not free of doubt but on balance the motion will be granted. See United States v. Linen Supply Institute, 18 F.R.D. 452 (S.D.N.Y.1955), United States v. Steffes, 35 F.R.D. 24 (D.Mont.1964). The granting of the motion is, however, on the express understanding that, when and if this action comes to trial, the Court will entertain a motion to dismiss the complaint if the defendant Sachs can show that he was in fact prejudiced by the delay in taking the depositions.