**UNITED STATES of America**

v.

**John G. PHILLIPS.**

**No. 83 CR 975.**

United States District Court, N.D. Illinois, E.D.

Feb. 8, 1984.

See also, D.C., 577 F.Supp. 879.

Scott Turow, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Anton R. Valukas, Daniel R. Warren, Jenner & Block, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On July 12, 1983, Harris Trust and Savings Bank ("Harris") sued John G. Phillips ("Phillips") in the Circuit Court of Cook County for slander. *Harris Trust and Savings Bank v. Phillips*, 83 L 13672. Five months later, on December 14, 1983, Phillips was indicted by a federal grand jury in the Northern District of Illinois for attempted extortion under 18 U.S.C. § 1951(b)(2). Both the civil action in state court and the criminal proceeding in this Court arise out of related events. The United States has moved this Court for a protective order barring Phillips from taking or receiving further discovery in the civil suit until the conclusion of his criminal trial, which is scheduled to begin on April 2, 1984. For the reasons set forth below, the government's motion is granted.

The government argues that a protective order is necessary because Phillips has improperly taken discovery in the civil action that was actually designed to help him prepare his defense to the federal criminal charge. According to the government, Phillips plans to pursue similar discovery in this vein. This type of abuse can occur due to the differences in the rules of discovery in civil and criminal cases. As Judge Wisdom of the Fifth Circuit Court of Appeals has noted,

> While the Federal Rules of Civil Procedure have provided a well-stocked battery of discovery procedures, the rules governing criminal discovery are far more restrictive. Compare Rules 26 through 37, Fed.R.Civ.P., 28 U.S.C.A. with Rules 15, 16, and 17, Fed.R.Crim.P., 18 U.S.C.A. Separate policies and objectives support these different rules.

> Rule 16, Fed.R.Crim.P., the counterpart of civil Rule 34, limits discovery of documents and objects to those "obtained from or belonging to the defendant or obtained from others by seizure or by process". And 18 U.S.C.A. § 3500 does away with any pre-trial discovery of statements of a government witness. A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and poli-

cies applicable to one suit from doing violence to those pertaining to the other. *Campbell v. Eastland,* 307 F.2d 478, 487 (5th Cir.1962) (footnote omitted), *cert. denied,* 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963).[1] Like the Fifth Circuit in *Campbell,* many federal courts have stayed civil discovery in order to prevent defendants from circumventing the criminal discovery restrictions. *E.g., In re Application of Eisenberg,* 654 F.2d 1107 (5th Cir.1981); *United States v. Mellon Bank, N.A.,* 545 F.2d 869 (3d Cir.1976); *Founding Church of Scientology v. Kelley,* 77 F.R.D. 378 (D.D.C.1977); *S.E.C. v. Control Metals Corp.,* 57 F.R.D. 56 (S.D.N.Y.1972); *United States v. One 1964 Cadillac Coupe DeVille,* 41 F.R.D. 352 (S.D.N.Y.1966); *United States v. Steffes,* 35 F.R.D. 24 (D.Mont. 1964).

■ Phillips contends that this Court is prohibited from granting the government's motion by 28 U.S.C. § 2283, the federal anti-injunction statute. This contention is incorrect, however, as Section 2283 does not apply to injunctions sought by the United States. *Mitchum v. Foster,* 407 U.S. 225, 235–36, 92 S.Ct. 2151, 2158–59, 32 L.Ed.2d 705 (1972); *Leiter Minerals, Inc. v. United States,* 352 U.S. 220, 225–26, 77 S.Ct. 287, 290–91, 1 L.Ed.2d 267 (1956). As Justice Frankfurter explained in *Leiter,*

> There is, however, a persuasive reason why the federal court's power to stay state court proceedings might have been restricted when a private party was seeking the stay but not when the United States was seeking similar relief. The statute is designed to prevent conflict between federal and state courts. This policy is much more compelling when it is the litigation of private parties which threatens to draw the two judicial systems into conflict than when it is the United States which seeks a stay to prevent threatened irreparable injury to a national interest. The frustration of superior federal interests that would ensue from precluding the Federal Government from obtaining a stay of state court proceedings except under the severe restrictions of 28 U.S.C. § 2283, 28 U.S.C.A. § 2283, would be so great that we cannot reasonably impute such a purpose to Congress from the general language of 28 U.S.C. § 2283, 28 U.S.C.A. § 2283, alone. It is always difficult to feel confident about construing an ambiguous statute when the aids to construction are so meager, but the interpretation excluding the United States from the coverage of the statute seems to us preferable in the context of healthy federal-state relations.

*Leiter,* at 225–26, 77 S.Ct. at 290–91 (footnote omitted).[2] Thus, this Court has the power to grant the government's motion for a protective order, even though such an order might interfere with the state court civil action.

■ The question remains whether this Court *should* grant the government's motion. Historically, federal district courts have been reluctant to exercise their discretionary power to interfere with state court proceedings. *Ahrensfeld v. Stephens,* 528 F.2d 193, 198 (7th Cir.1975). Phillips' arguments notwithstanding, this case presents a situation in which the Court's reluctance to interfere must be overcome.

A review of the discovery materials already obtained and requested by Phillips in the civil action indicates that Phillips has unquestionably utilized the state civil discovery rules for the prime purpose of ob-

---

1. It should be noted that in this case it is the differences between the Federal Rules of Criminal Procedure and the *Illinois* civil procedure rules which are relevant. As the state and federal rules of civil procedure are comparable in scope, the court's observations in Campbell are equally pertinent here.

2. Several other courts have followed Leiter, finding it proper to order a stay in state court proceedings for a number of reasons. *See, e.g., N.L.R.B. v. Nash-Finch Co.,* 404 U.S. 138, 92 S.Ct. 373, 30 L.Ed.2d 328 (1971); *First Federal Savings and Loan Ass'n of Boston v. Greenwald,* 591 F.2d 417 (1st Cir.1979); *S.E.C. v. Wencke,* 577 F.2d 619 (9th Cir.1978), *cert. denied,* 439 U.S. 964, 99 S.Ct. 451, 58 L.Ed.2d 422 (1978); *E.E. O.C. v. Levi Strauss & Co.,* 515 F.Supp. 640 (N.D.Ill.1981).

taining materials to which he is not entitled under federal criminal discovery rules. Although some of the information sought by Phillips relates to the state court slander suit, much more of the discovery is aimed at Phillips' upcoming criminal trial. This abusive tactic is an improper circumvention of the restrictions of the criminal discovery rules. Protection of the integrity of the criminal justice process fully justifies this Court's taking remedial action.

Furthermore, the interference with the state court action by the issuance of this protective order will be minimal in this case. This Court is not deciding any issues which have been presented to the Circuit Court of Cook County, but is merely delaying the discovery process in the state court. Phillips' criminal trial is set to begin in less than two months, and he is unable to articulate any prejudice in the civil suit that he will suffer from such a delay. Harris, the plaintiff in the civil action, will likewise incur no hardship; its attorney informed this Court that Harris could easily adapt to a postponement in discovery.[3]

Accordingly, the government's motion for a protective order is granted.[4] Phillips is ordered to cease taking or receiving further discovery in the state court case, *Harris Trust and Savings Bank v. Phillips*, 83 L 13672, until his criminal trial in this Court has been completed.[5] It is so ordered.

---

**3.** *See* transcript of the February 7, 1984, hearing on the motion for a protective order.

**4.** We do not now rule on the government's motion for a protective order barring Phillips from using at his criminal trial evidence which he *already* has obtained from discovery in the state civil action. The government has filed a memorandum in support of this motion; Phillips may file a response memorandum by February 20, 1984, and the government may file a reply by February 27, 1984.

**5.** The Clerk is directed to serve a copy of this order on Harris, Cook County Circuit Judge Brian Duff and the Clerk of the Circuit Court of Cook County.