### CROWN CENTRAL PETROLEUM CORPORATION, Plaintiff,

v.

### DEPARTMENT OF ENERGY, et al., Defendants.

### Civ. No. H–82–3283.

United States District Court, D. Maryland.

April 24, 1984.

Thomas L. Crowe and Cable, McDaniel, Bowie & Bond, Baltimore, Md., Paul D. Coleman and Hoppel, Mayer & Coleman, Washington, D.C., for plaintiff.

Michael Woscoboinik, U.S. Dept. of Energy and David L. Anderson, Economic Regulatory Admin., Washington, D.C., for defendants.

### MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, District Judge.

This is an action for declaratory and other relief filed by Crown Central Petroleum Corporation, which is engaged in the business of refining and marketing petroleum products. Named as defendants are the Department of Energy (hereinafter "DOE"); Donald P. Hodel, the Secretary of Energy; Rayburn D. Hanzlik, the Administrator of the Economic Regulatory Administration (hereinafter "ERA"); Milton C. Lorenz, Special Counsel for compliance of the ERA; and George B. Breznay, Director of DOE's Office of Hearing and Appeals

---

(hereinafter "OHA"). Plaintiff here seeks to compel defendants to produce certain documents which relate to plaintiffs' compliance with various DOE price and allocation regulations.

The factual background of this dispute is as follows. Plaintiff claims that from March, 1974 through March 15, 1981, either DOE or one of its predecessors had a team of auditors stationed at plaintiff's headquarters in Baltimore, Maryland. The auditors were to determine whether plaintiff had complied with pertinent federal regulations. The parties agree that subsequent to the creation of the Office of Special Counsel for Compliance (hereinafter "OSC") in late 1977, the auditors at plaintiff's offices operated under its auspices.

On December 13, 1977, the Deputy Special Counsel of DOE issued to plaintiff an administrative subpoena seeking various documents concerning plaintiff's compliance with federal price and allocation regulations. Plaintiff thereafter moved in administrative proceedings before the DOE to quash the subpoena. The parties do not dispute that following negotiations, they entered into an agreement on February 23, 1979 (hereinafter "the Agreement"), whereby plaintiff promised to produce certain documents and to surrender its right to challenge the aforementioned administrative subpoena. Included in the Agreement was the following provision:

In the event that OSC requests the use of Crown's computer services pursuant to this paragraph, as a condition thereto OSC shall:

   *     *     *     *     *     *

(2) provide to Crown copies of all programs or data bases which OSC enters into Crown's ADP [automated data processing] equipment, together with documentation including, if they exist, program source codes, flow charts, record layouts, JCL [job control language] cards for each Crown or OSC program which OSC wishes to run on Crown's ADP equipment, an explanation prior to the time a program is run of the purpose and operation of each OSC program and such

other similar descriptive materials as reasonably will assure Crown that no unauthorized, improper or illegal use of its ADP equipment is being made; and

(3) provide to Crown copies of all output obtained by OSC from the use of Crown's ADP equipment.

The Agreement expressly stated that in the event of a dispute as to the obligations of the parties under either the subpoena or the Agreement, the sole remedy would be by way of an action filed in a United States District Court for interpretation and specific performance of the two documents. Plaintiff claims that various letter agreements between the parties subsequently expanded the scope of the aforementioned provision regarding production of documents by OSC. According to plaintiff, the Agreement, as amended, required DOE and OSC to supply plaintiff with copies of all input, output and programs generated from information supplied by plaintiff. Plaintiff contends that DOE and OSC were required to provide said information whether or not any use was made of plaintiff's computer equipment.

On February 3, 1981, OSC issued to plaintiff a "Notice of Probable Violation" for the audit period August 19, 1973 through December 31, 1978. OSC charged in the Notice that, based on its test samples of 11 months during the audit period, plaintiff was liable to its customers for refunds of at least $79,932,000.00.

After issuance of the Notice, plaintiff, pursuant to applicable regulations, participated in an informal conference, discussed settlement, and submitted additional information to OSC. Plaintiff also filed a formal reply to OSC's Notice.

Plaintiff asserts that on May 26, 1982, Robert J. McKee, Jr., the Director of ERA's Philadelphia office, filed with DOE's OHA a "Proposed Remedial Order" (hereinafter the "PRO"). The PRO directed plaintiff to refund $34,025,000.00, rather than $79,932,000.00 to its customers. Plaintiff claims that it thereafter requested documents related to the PRO which, under

plaintiff's reading of the Agreement, DOE and OSC were required to produce. Plaintiff asserts that the responses it received were inadequate.

On July 7, 1982, plaintiff filed three motions in the administrative proceedings pending before the DOE, seeking a remand or rescission of the PRO. These motions were all denied in a decision issued by defendant Breznay on October 21, 1982.

On September 3, 1982, in a letter to DOE's Freedom of Information Act (hereinafter "FOIA") Officer, counsel for plaintiff requested the following pursuant to 5 U.S.C. § 552 *et seq.* and 10 CFR § 1004.1 *et seq.:* "all documents, whether factual or legal, and all computer input, output and computer programs reviewed or relied upon by the Economic Regulatory Administration in issuing a May 26, 1982 Proposed Remedial Order." This letter also requested an explanation concerning any documents which were lost, destroyed or not otherwise in ERA's possession and concerning any documents which were considered to be exempt from production.

On September 23, 1982, DOE advised plaintiff that its request for information was insufficient under the FOIA (1) because plaintiff had requested inspection rather than production of documents and (2) because plaintiff had stated merely that it would pay for copying of the selected documents and had not informed DOE whether it would pay for all necessary copying, and computerized processing and searches.

On September 30, 1982, counsel for plaintiff again sent DOE a request for the production of documents pursuant to the FOIA. Plaintiff asserts that under 5 U.S.C. § 552(a)(6)(A)(i), DOE was required to determine whether it would comply with plaintiff's request within ten days of receipt thereof.

On November 10, 1982, more than a month after it had sent its second FOIA request to DOE, plaintiff instituted this civil action claiming that DOE had not yet responded to its FOIA request. The complaint seeks declaratory and injunctive relief under the Agreement as amended (Count I) and under the FOIA (Count II).

With the complaint it filed in this Court, plaintiff filed a motion for a preliminary injunction and a request for an expedited hearing. A conference was held in chambers on November 26, 1982, at which time the Court suggested consideration of a stipulation between the parties which would resolve certain matters presented by plaintiff's motion for a preliminary injunction. Because of the Court's heavy trial docket, the Court advised counsel that it might be some time before a full evidentiary hearing could be held in connection with plaintiff's motion for a preliminary injunction. Counsel were thereafter unable to agree on a stipulation, and as suggested by the Court, the plaintiff then filed a motion for a temporary restraining order. Defendants filed a memorandum in opposition to both the motion for a temporary restraining order and the motion for a preliminary injunction.

On December 8, 1982, a hearing was held in open court on both motions then pending in this case. After hearing argument, the Court in an oral opinion denied both plaintiff's motion for a temporary restraining order and its motion for a preliminary injunction. The Court concluded that plaintiff had not met its burden of showing that it would suffer irreparable injury if immediate injunctive relief were not granted. The Court pointed out that the determination of matters such as the alleged violations by plaintiff of DOE regulations as set forth in the PRO were committed by law, initially, to appropriate administrative proceedings before the DOE, and the Court noted that relevant and necessary discovery was permitted in those administrative proceedings. The Court then said the following (slip op. at p. 6):

> In this lawsuit Crown seeks to bypass pending administrative proceedings and have this Court decide what would be appropriate discovery in the administrative case. This the Court will not do. Administrative remedies should be exhausted first before a litigant should be permitted to come into this Court, and of

course thereafter the litigant has rights in the Temporary Emergency Court of Appeals. Were the law otherwise, administrative proceedings could be constantly disrupted by a party who applied to federal court before rulings had even been made by the administrative agency on discovery matters or otherwise.

Plaintiff then filed a motion for an injunction pending appeal and for a certificate permitting an appeal from the interlocutory orders entered by the Court. By Order dated December 10, 1982, the Court denied plaintiff's motion for an injunction pending appeal and for a certificate permitting an appeal from the interlocutory orders entered.

Thereafter, defendants filed an answer. On February 25, 1983, the Court entered a Scheduling Order fixing certain dates for the completion of discovery and scheduling a pretrial conference for October 3, 1983.

Although discovery promptly ensued, various discovery disputes later arose between the parties. Presently pending in the case are the following motions: (1) defendant's motion to dismiss or for summary judgment; (2) defendant's motion for a protective order staying discovery; and (3) plaintiff's motion for an order compelling discovery.

Memoranda have been filed in support of and in opposition to these motions. Because of the pendency of the motions, the pretrial conference scheduled for October 3, 1983 was cancelled. On November 9, 1983, a status conference was held with counsel. That same day, the Court entered an order permitting the defendants to file a supplemental affidavit in support of their motion to dismiss or for summary judgment. At the status conference, the Court requested the parties to submit further memoranda advising the Court of the status of the administrative proceedings involving the plaintiff then pending before the OHA. *See In the Matter of Crown Central Petroleum Corporation,* Case No. HRO–0072. The parties have now filed these further memoranda. After reviewing the pleadings, memoranda, and other matters of record here, this Court concludes that no hearing is necessary at this time. *See* Local Rule 6. For the reasons to be stated herein, this action will be stayed until further Order of Court.

Although conceding that it has been furnished with most of the documents it is seeking in this civil action, plaintiff contends that it is, in addition, entitled to other documents and materials. Plaintiff is here asking this Court to order the production of these documentary materials. However, it is apparent that there is presently pending in the administrative proceedings before the OHA a request by the plaintiff for the production of many of the same documents which plaintiff is seeking in this civil action. Although agreeing that many of the documents sought here and in the administrative case are the same, plaintiff argues that there are other and different documents also at issue.

■ This Court concludes that were it to go ahead and decide the issues presented in this case, either by way of summary judgment or by a ruling on a discovery motion, the Court would be deciding questions which are presently posed in the administrative proceedings. The central dispute in this case and in the administrative proceedings relates in essence to the matter committed by law to the OHA for decision. This Court has therefore decided to stay all further proceedings in this case pending pertinent rulings in the administrative case now before the OHA. Even if administrative rulings either on the merits or on discovery matters do not dispose entirely of the issues before this Court, they will undoubtedly be of help in focussing the issues here and in permitting a more rational resolution by the Court of the dispute between these parties.

■ A federal court has inherent power to stay, *sua sponte,* an action before it. *Landis v. North American Co.,* 299 U.S. 248, 254–255, 57 S.Ct. 163, 165–166, 81 L.Ed. 153 (1936). In exercising its judgment, the Court must weigh competing interests and consider the effects of the stay

on the Court's docket, on counsel and on the litigants. *Id.* at 254–255, 52 S.Ct. at 165–166. In deciding to stay its hand in this case, this Court has considered (1) the possible delay in the processing of this case and in the completion of ongoing administrative proceedings before the OHA; (2) the importance to rulings in this case of administrative determinations made by the OHA; (3) the possibility that there might be conflicting rulings made by this Court on the questions committed by law initially to the OHA administrative proceedings and ultimately to the Temporary Emergency Court of Appeals, and (4) the relative burden on the parties of a delay in deciding the case. *See Bridge Construction Corp. v. Berlin,* 705 F.2d 582, 583 (1st Cir.1983).

The entry of this stay order will be without prejudice to either side to move for a lifting of the stay for good cause shown after pertinent rulings have been made in the administrative proceedings. The pending motions will therefore remain outstanding and will be ruled upon at a later date, if necessary.

For the reasons stated, it is this 24th day of April, 1984, by the United States District Court for the District of Maryland,

ORDERED that all proceedings in this action be and the same are hereby stayed until further Order of Court.