**UNITED STATES of America**

v.

**Francis M. PERCUOCO and William F. Griffin, Jr., et al.**

**No. CR 85–340–T.**

United States District Court,
D. Massachusetts.

Feb. 10, 1986.

---

**566**

Stacy L. Fox, Michael S. Gardener, Robert R. Popeo, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, Boston, Mass., John B. Carrico, Hurt & Carrico, Charleston, W.Va., for defendants.

Joseph Savage, for the U.S.

## MEMORANDUM AND ORDER

TAURO, District Judge.

Defendants move for reconsideration of the Magistrate's Protective Order of January 21, 1986, ordering defendants to refrain from taking the deposition of Sharon Ryan in the case of *Conley v. NRG Coal Corporation et al.*, No. 81–4351, a civil action currently pending in the Rhode Island state court.

In addition to the criminal trial pending in this court, defendants are defending three civil actions in Rhode Island state court. These civil actions were filed in 1983, approximately two years before defendants were indicted in the instant case. These three civil actions were among nine actions filed against defendants, four of which have been either settled or decided by summary judgment. The pending civil actions arise from services provided by defendants to allegedly fraudulent coal mining limited partnerships in which the civil plaintiffs invested. The same factual allegations form a portion of the basis for the government's charge in the instant criminal case that defendants violated 26 U.S.C. § 7206(2) [1] by aiding or assisting taxpayers to file with the Internal Revenue Service materials claiming a false income tax deduction.

Defendants seek to depose Sharon Ryan in one of the civil actions. Sharon Ryan is a former employee of G.T. Reilly, the accounting firm of which defendant Percuoco was a partner. The Magistrate ordered defendant to refrain from taking Ms. Ryan's deposition until the instant criminal case is concluded, on the ground that defendants were initiating discovery in the civil actions in order to "circumvent the more restrictive rules regarding criminal discovery." The factual basis for the Magistrate's conclusion was as follows:

---

**1.** 26 U.S.C. § 7206(2) states in pertinent part: Any person who ... (2) willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under ... the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document ... shall be guilty of a felony.

The scope of the document request attached to the civil subpoena in this case persuades me beyond doubt that allowing the defendant to take Ms. Ryan's deposition in the civil case will, in effect, allow the defendant to receive significant discovery relevant to the criminal case which he is plainly not entitled to at this time. And I have no grounds on which to believe that the defendant does not intend to take full advantage of that opportunity given the past conduct of Mr. Percuoco's attorneys. Specifically, ... [defense attorney's conduct at a prior deposition taken in one of the pending civil cases] could have no other aim than to gain possible ammunition for cross-examination in the criminal case when the witness took the stand.

■ This court is aware of the strong federal policy of not permitting litigants in civil cases to circumvent the rules governing criminal discovery, as well as the reasons for the Magistrate's concern in this case. A sharp distinction must be drawn, however, between cases in which a criminal defendant institutes a civil suit in order to initiate discovery and those in which a criminal defendant seeks civil discovery to defend himself or herself in a civil action initiated by another. The most persuasive cases in which a court has prohibited a criminal defendant from conducting discovery in a related civil action have involved a criminal defendant who initiated the civil action after the defendant learned that a criminal action had been or would be commenced.

In *Campbell v. Eastland*, 307 F.2d 478 (5th Cir.1962), upon which the Magistrate relies, a taxpayer learned that the Department of Justice intended to seek an indictment against him for tax evasion for the years 1955, 1956, and 1957. Based on that information, the taxpayer instituted a suit against the district director of the Internal Revenue Service, seeking payment of his claimed tax refund for the 1955 tax year. Two months after filing suit, the taxpayer sought to discover, pursuant to Fed.R. Civ.P. 34, the reports of Internal Revenue Service agents who had investigated the taxpayer for tax evasion. These reports were located in the United States Attorney's criminal files. The Court of Appeals ruled that the district court erred in ruling that the taxpayer was entitled to this discovery.

In certain instances, courts have prohibited a defendant in a civil action, who also happened to be a defendant in a criminal action, from conducting discovery in the civil action. *See, e.g., United States v. Phillips*, 580 F.Supp. 517 (N.D.Ill.1984). Even in these rare instances, however, courts have been "reluctant" to interfere with state court proceedings and have only acted where the interference with the state court action would be "minimal". *Id.* at 519–20. In *Phillips*, the court determined that the defendant in the civil action would not suffer any prejudice from delaying the requested discovery until after the criminal trial, which was scheduled to begin in two months time.

■ In the instant case, by contrast, prejudice to the defendants is manifest. The civil action is scheduled to begin trial in the Rhode Island state court within one week. This is not a situation where the defendant can await the outcome of the criminal proceeding with only the minimal harm of a delay in the preparation for the civil action. Rather, the outcome of the civil action is itself jeopardized. In these circumstances, this court believes that an exceptionally strong showing of improper use of the civil discovery process is required before a federal court should stay discovery in a pending civil action. Such a showing is not supported by the record in this case.

For the reasons stated above, the Protective Order imposed January 21, 1986 is hereby lifted and defendants are allowed to take the deposition of Sharon Ryan.

IT IS SO ORDERED.