**In re AHEAD BY A LENGTH, INC., Debtor.**

**Dorothy EISENBERG, Trustee, Estate of Ahead By A Length, Inc., Plaintiffs,**

**v.**

**Irwin FEINER, Elizabeth Feiner, Nochum Sternberg, Schnejer Zalman Gurary, Z.G. International Merchandising, Zal–Tex Enterprises Inc., Zalga Marengo Textiles, Inc., Eva Merchandising Corporation, Firey Textile Corporation, Julia Textile Corporation, May–Line Global Textiles Corporation, N.S. Textiles Corporation, Skylab International Textiles, Inc., Skyview Zalga International Textiles, Inc., Troy International Textiles Corporation, Enn Ess Textile Corp. and Orchid Fabrics, Inc., Defendants.**

**Bankruptcy No. 83 B 11430 (TLB).**
**Adv. No. 86–5593A.**

**United States Bankruptcy Court, S.D. New York.**

**Oct. 14, 1987.**

Shaw, Goldman, Licitra, Levine & Weinberg, Garden City, N.Y. by John Kaley, Brian Behar, for trustee.

Ballon, Stoll & Itzler by Richard Weinberger, Andrew T. McEvoy, Jr., New York City, for Irwin Feiner.

Miller, Cassidy, Larroca & Levin by Nathan Lewin, Washington, D.C., for S.Z. Gurary.

Paul K. Rooney by Matthew E. Power, New York City, for Nochum Sternberg.

Rudolph Guiliani, U.S. Atty., New York City, by Stuart Abrams, for U.S.

DECISION AND ORDER ON MOTION
TO COMPEL TESTIMONY AND ON
MOTION TO INTERVENE AND FOR
A PROTECTIVE ORDER

TINA L. BROZMAN, Bankruptcy
Judge.

We are asked to resolve the disputes engendered by two separate but related motions. Defendants Nochum Sternberg ("Sternberg") and Schnejer Zalman Gurary ("Gurary") move to compel the testimony of defendant Irwin Feiner ("Feiner") pursuant to Rule 37(a) of the Federal Rules of Civil Procedure and Rule 7037 of the Federal Rules of Bankruptcy Procedure. The United States moves pursuant to Rules 24(b) and 26(c) of the Federal Rules of Civil Procedure to intervene and for a protective order staying discovery in this action pending the disposition of related criminal proceedings. For the reasons which follow, we grant a six-month stay of the litigation, deny the intervention and deny the motion to compel.

FACTS

On October 3, 1983, an involuntary chapter 7 petition was filed against Ahead by a Length (the "Debtor"). On December 6, 1983 an order for relief was entered and Dorothy Eisenberg was appointed trustee (the "Trustee"). The Trustee commenced this adversary proceeding on August 26, 1986 against, among others, Feiner, Sternberg and Gurary alleging a fraudulent scheme and conspiracy to deprive the Debtor of its property through the use of phony invoices and seeking, pursuant to Title 11 U.S.C. §§ 548 and 544, to avoid fraudulent transfers of the Debtor's property.

In August 1983, Feiner was sued by the Debtor's commercial factor for engaging in a pattern of racketeering activity. Not long after, the United States Attorney initiated a criminal investigation. During the course of the investigation, Feiner entered into a plea agreement with the U.S. Attorney which calls for his continued cooperation with the Internal Revenue Service, Federal Bureau of Investigation and the United States Attorney. As agreed, in October 1985 Feiner pleaded guilty to a three count information charging him with conspiracy to defraud the United States of corporate income tax, personal income tax evasion and wire fraud.

Gurary and Sternberg have been indicted and charged with aiding and assisting tax evasion and other crimes arising from their role as principals of a group of corporations (the "Zalga Companies") which were involved with Feiner in a phony invoice scheme. Presently, another grand jury is investigating the Zalga Companies' role.

The Trustee's complaint alleges that pursuant to an agreement between Feiner, Sternberg and Gurary, the Zalga Companies submitted phony invoices to the Debtor, which the Debtor paid. In exchange, Sternberg received a fee of approximately 5% of the face value of the invoices, Feiner received cash back from the Zalga Companies, and the Zalga Companies received millions of dollars. The Trustee contends that these acts violated 18 U.S.C. § 1962. The defendants filed answers and sought discovery. Although Feiner was deposed by Sternberg and Gurary on October 28, 1986, he pleaded his Fifth Amendment privilege against self incrimination in response to virtually every question. Consequently, on October 30, 1986, Sternberg and Gurary filed a notice of motion to compel Feiner's testimony. The United States Attorney learned of this motion and, on December 3, 1986, filed a notice of motion seeking permissive intervention and a protective order staying discovery pending the disposition of the related criminal proceedings.

THE PARTIES' CONTENTIONS

Gurary and Sternberg previously served a motion to dismiss the adversary proceeding, claiming that Feiner acted on behalf of the Debtor as a representative, not in his individual capacity. Thus, they contend that Feiner's testimony would "bolster" their defense. The United States, on the other hand, disputes the validity of the asserted motive for obtaining Feiner's testimony. It notes that inasmuch as Gurary and Sternberg have been indicted by a federal grand jury in the Southern District of New York and charged with various counts of aiding and assisting tax evasion and

other crimes, and inasmuch as the Zalga Companies are the subject of a grand jury investigation, the upshot of compelling Feiner's testimony would be the granting of insight to the criminal defendants into the government's case against both them and the Zalga Companies. This, the government maintains, would circumvent the rules governing discovery in a criminal case.

## DISCUSSION

■ Because we conclude that we have the power to stay discovery *sua sponte*, we decline to address the issue of intervention.

Generally, the court need not on its own motion stay discovery because the party in need of a stay would make such a request. In the present proceeding there exists a rather unique situation; Feiner has elected to exercise his privilege against self incrimination, rather than seek a stay, and the government, which admittedly has no interest in the outcome of this litigation (other than perhaps an interest as a creditor), but a strong interest in the prosecution of Gurary and Steinberg, is not a party.

We have been unable to locate a case with the same fact pattern, nevertheless, a discussion by Justice Cardozo in a much cited opinion relating to a similar issue is useful to our analysis. *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936) involved a motion by the Attorney General for a stay of the civil proceeding pending the outcome of a related criminal proceeding. Justice Cardozo instructed that "[a]part, however, from any concession, the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis, supra* 57 S.Ct. at 166, *citing, Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763, 51 S.Ct. 304, 305, 75 L.Ed. 684 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed.2d 440 (1935). He found that there are times when an individual

may be required to withstand some delay if public interests would best be served. While one suit may not resolve every question of fact and law in the civil action, where it may settle or simplify them, if the stay is not immoderate, it may be proper. *See also Crown Cent. Petroleum Corp. v. Dept. of Energy*, 102 F.R.D. 95 (D.C.Md. 1984) (the federal court has inherent power to stay, *sua sponte*, an action before it).

■ Although the parties to this adversary proceeding have not claimed that any prejudice might result from compelling discovery, the government has. The Trustee's counsel indicated at a hearing on this matter that when the criminal proceedings against Gurary and Steinberg are completed, if they are convicted,

> "the Trustee's work in this case becomes substantially easier.
>
> One, we will be in a position to use whatever collateral estoppel, res judicata effect we can with the criminal judgment.
>
> Two, we will be in a position to have a full exposure of the facts that the government has uncovered during its investigation, which, for reasons of Grand Jury secrecy, quite apart [sic] what a witness is or is not allowed to tell someone else, we have no right to and no access to."

Trans. Dec. 10, 1986 at 52. Thus, we feel it incumbent upon us to control the disposition of the cases on our docket so as to preserve judicial economy as well as permit the most effective means of relief to the parties. Therefore, we must examine whether the imposition of a stay of discovery is warranted under the present circumstances.

The Federal Rules of Civil Procedure permit extremely liberal discovery. Fed.R. Civ.P. 26(b) provides that "[p]arties may obtain discovery regarding *any* matter, not privileged, which is relevant to the subject matter involved in the pending action ... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (emphasis added.)

The means available for the taking of discovery include (1) depositions upon oral examination (Fed.R.Civ.P. 30), (2) depositions upon written questions (Fed.R.Civ.P. 31), (3) interrogatories (Fed.R.Civ.P. 33), (4) production or inspection of documents or entry upon designated land (Fed.R.Civ.P. 34), (5) physical and mental examinations, and (6) requests for admission.

The Federal Rules of Criminal Procedure, on the other hand, permit very limited discovery. The only rule that deals with discovery is Rule 16 which is restrictive and speaks only of disclosure of evidence by the government or by the defendant. Rule 16(a)(2) specifically provides that except as provided in 16(a)(1)(A), (B) and (D) "this rule does not authorize the discovery ... of statements made by government witnesses or prospective government witnesses except as provided in 18 U.S.C. § 3500." 18 U.S.C. § 3500(a) provides that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." It has been held that statements of government witnesses are only discoverable within the terms of section 3500. *See U.S. v. American Oil Co.*, 286 F.Supp. 742 (D.C.N.J. 1968).

There is another rule which deals with depositions, Fed.R.Crim.P. 15, but it "does not authorize [the] use [of depositions] as a means of discovery." *U.S. v. Steele*, 685 F.2d 793, 809 (3d Cir.1982), *cert. denied* 459 U.S. 908, 103 S.Ct. 213, 74 L.Ed.2d 170 (1982). Moreover, Rule 15 is only to be used in cases where it "appears that (a) the prospective witness will be unable to attend or be prevented from attending the trial, (b) the prospective witness' testimony is material, and (c) the prospective witness' testimony is necessary to prevent a failure of justice." Notes of Committee on the Judiciary, House Report No. 94–247; 1975 Amendment. A. Amendments Proposed by the Supreme Court (referring to present rule). Further, Rule 15 provides that a deposition may only be taken upon order of the court after a motion on notice to the parties.

There is no section which allows discovery of third parties in a criminal proceeding. There are several reasons for this.

"[T]raditionally, the narrow scope of discovery in criminal litigation is justified by three considerations which are said to be peculiar to criminal law. First, there has been a fear that broad disclosure of the essentials of the prosection's case would result in perjury and manufactured evidence. Second, it is supposed that revealing the identity of confidential government informants would create the opportunity for intimidation of prospective witnesses and would discourage the giving of information to the government. Finally, it is argued that since the self incrimination privilege would effectively block any attempts to discover from the defendant, he would retain the opportunity to surprise the prosecution whereas the state would be unable to obtain additional facts. This procedural advantage over the prosecution is thought to be undesirable in light of the defendant's existing advantages. The validity of each of these objections must be appraised in each of the situations in which the defendant may seek discovery and must be weighed against the importance to the defendant of the disclosure."

*Developments in the Law-Discovery*, 74 Harv.L.Rev. 940, 1052 (1961). Further, all evidence should be preserved for trial. *U.S. v. Adock*, 558 F.2d 397 (1977), *cert. denied* 434 U.S. 921, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977). Therefore, it is clear that if this were a criminal proceeding, a prospective government witness could not be subject to deposition unless the court first found there to be extraordinary circumstances and then entered an order allowing the deposition.

 Although the present action is a civil one, we find it improper to allow the defendants to take advantage of the liberal discovery rules. There is a long line of

cases which have dealt with the issue of the extent to which parties to a civil action may obtain discovery when there is a related criminal proceeding pending.

A leading decision in this area, while based on different facts, is helpful. *Campbell v. Eastland*, 307 F.2d 478 (5th Cir. 1962) *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963) involved a civil action for a tax refund instituted by two taxpayers who were the subject of a possible criminal prosecution. The plaintiffs sought discovery of the District Director of Internal Revenue. The Director requested a stay of the discovery pending the disposition of the criminal proceeding which was "in a tight knot" with the civil proceeding. The criminal proceeding had not been commenced, but the Department of Justice had decided to prosecute and was soon to submit its case to the grand jury. The plaintiffs were well aware of this fact. The court found that "the effect of granting the motion [would be] to give pre-trial discovery of documents denied the taxpayer in the criminal case. The [allowance of discovery would] nullify the effect of section 3500." *Campbell* at 488. The court balanced the individual's right to prepare for the civil proceedings with the public interest in withholding the information sought. The surrounding circumstances, only some of which are present here, weighed heavily in favor of the Director. Those factors which applied equally in Campbell and here are "(1) discovery would give the taxpayer possession of reports denied him in the criminal proceeding; (2) there is reason to think, 'to be honest about it,' that the motion for discovery ... was for the purpose of obtaining the otherwise unobtainable reports; ... (4) the District Director did not claim an absolute privilege but asked only for a reasonable delay; (5) the record is bare of any showing that a reasonable delay would have prejudiced the taxpayer in the civil suit; ..." *Campbell* at 490. In a special concurrence one of the judges neatly stated the problem. "The end result [of not granting a stay would be] tantamount to allowing discovery under Federal Rules of Civil Procedure in a criminal proceeding, something we are powerless ... to authorize." *Campbell* at 492–93.

Since the *Campbell* decision, there have been many cases which have upheld its doctrine that a litigant should not be permitted to make use of the liberal discovery procedures available in a civil proceeding, and thereby avoid the restrictions placed on criminal discovery to obtain evidence to which he would not be entitled in a criminal suit.

In *Securities and Exchange Comm. v. Control Metals Corp.*, 57 F.R.D. 56 (S.D.N.Y.1972) the defendant, aware of pending grand jury proceedings, served notices of deposition on four independent witnesses. Those witnesses were "likely" to be called as government witnesses in the grand jury and any resulting criminal proceedings. The Securities and Exchange Commission moved to stay the taking of the witnesses' depositions pending the disposition of the criminal proceedings relying on the court's decision in *Campbell v. Eastland, supra.* The defendant sought to distinguish *Campbell* on two grounds; (1) he was not seeking information from the government, or an agency thereof, but merely from independent witnesses, and (2) he did not commence the lawsuit in which he sought the depositions, but was merely trying to defend himself. The court held that while "[t]he question was not free of doubt, ... on balance the motion [should] be granted." *Control Metals* at 58.

The facts of *Control Metals, supra,* are very similar to those in the present case. The party seeking the discovery was the defendant, and thus had not instituted the action, but merely sought to defend it. Also, the discovery was sought from parties who were "likely" to be but had not yet been called as government witnesses. Finally, a criminal proceeding was not then pending, but thought to be forthcoming.

Other courts have reached the same conclusion looking to *Campbell. See, e.g., Founding Church of Scientology of Washington D.C., Inc. v. Kelley*, 77 F.R.D. 378 (D.C.1977); *United States v. Steffes*, 35 F.R.D. 24 (D.Mont.1964); *United States v. One 1964 Cadillac Coupe DeVille*, 41

F.R.D. 352 (1966) (where civil and criminal proceedings arise out of same or related transactions, the government is ordinarily entitled to a stay of all discovery in civil action until disposition of criminal); *United States v. Linen Supply Institute*, 18 F.R.D. 452, 453 (S.D.N.Y.1955) ("so strong is the policy of law against disclosure of the prosecution's case in advance of trial that the District Court in *Penn v. Automobile Ins. Co.*, D.C.D.Or.1939, 27 F.Supp. 337, on the mere suggestion of the district attorney that he expected to press a criminal charge against one who was plaintiff in a pending civil case, denied plaintiff's motion for a discovery by defendants.")

Most recently, the District Court in Arkansas in *White v. Mapco Gas Products*, 116 F.R.D. 498 (E.D.Ark.1987) set forth five factors that should be considered in determining whether a stay of discovery is proper; (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and, (5) the interest of the public in the pending civil and criminal litigation. *See also Arden Way Associates v. Boesky*, 660 F.Supp. 1494, 1497 (S.D.N.Y.1987).

Harking back to *Campbell* and its progeny, and reviewing the *White* court's considerations in light of our facts, we conclude that a stay of discovery is appropriate. We are mindful that the plaintiff would prefer no stay to issue, but we are also aware that she believes her prosecution of her case will be made easier if she waits until the conclusion of the criminal proceeding. The defendants seeking the discovery will not be burdened, for we are staying the civil proceeding as well, and thus they will be afforded complete discovery at the time they must defend this proceeding. It will be a more efficient use of judicial time and resources to have the criminal case proceed first, for many of the issues here will be disposed of in that proceeding whereas if

we proceeded first here, much pertinent information would probably be withheld. (Feiner has already indicated he would invoke his Fifth Amendment privilege to the full extent available.) The interest of persons not parties to this litigation would be served by the stay, specifically, the United States Attorney. Finally, the public interest in seeking justice will also be furthered.

All in all, we find the proper procedure at this point is to order a stay of the present civil proceeding for a reasonable period of time, effective immediately. Rather than allow an open-ended stay, we will grant a stay of the civil action for six months, without prejudice to the government's right to request for cause shown (and the parties' right to contest) an extension of the stay should the government believe that appropriate.

Concomitant with the grant of a stay, we deny the motion to compel and so much of the government's motion as seeks leave to intervene.

IT IS SO ORDERED.